Nos. 25-3841, 25-5650, and 26-1951

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NO. 25-3841

**DR. MEHMET VELI ASLAN, M.D.,** *Plaintiff-Appellant,*
*v.* **NAZANIN MAZGANI; NEYAZ MAZGANI, et al.,** *Defendants-Appellees.*

NO. 25-5650

**KEVIN MODA,** *Plaintiff-Appellant,*
*v.* **MAHVASH MAZGANI, et al.,** *Defendants-Appellees.*

NO. 26-1951

**VIP BHOLA,** *Appellant,*
*v.* **MAHVASH MAZGANI,** *Appellee.*

On Appeal from the United States District Court for the Central District of California,
Hon. Wesley L. Hsu, Nos. 2:24-cv-02762-WLH-SK, 2:25-cv-02230-WLH, and 2:25-cv-06877-WLH,
arising from Bankr. C.D. Cal. No. 2:19-bk-21655-BR (Hon. Barry Russell)

# APPELLANTS' MOTION UNDER FED. R. BANKR. P. 8014(f) TO ADVISE THE COURT OF 28 U.S.C. § 47, FOR RELIEF UNDER 28 U.S.C. § 158, AND TO CONSOLIDATE APPEALS NOS. 25-3841, 25-5650, AND 26-1951

*Fed. R. Bankr. P. 8014(f); 28 U.S.C. §§ 47, 158(d), 2106; Fed. R. App. P. 3(b)(2), 27; 9th Cir. R. 27-1*

**Oral Argument in Nos. 25-3841 and 25-5650: Tuesday, November 17, 2026, 9:00 a.m., Courtroom 3, Pasadena**

**VIP BHOLA (SBN 183980)**
LAW OFFICES OF VIP BHOLA
5429 Cahuenga Blvd., Suite 101, North Hollywood, California 91601
(818) 347-5297 — vbhola@icloud.com

*Counsel for Appellants Mehmet Veli Aslan, M.D., and Kevin Moda;*
*Appellant in pro per in No. 26-1951*

**Table of Contents**


MOTION ....................................................................................................6

RESOLUTION OF THIS APPEAL ......................................................................7

A. The Court Need Rule Only on Jurisdiction ....................................................7

B. Binding Precedent Decides the Question .........................................................9

C. Property and Money Taken Without Due Process of Law ............................12

ARGUMENT ............................................................................................................16

A. Notice Under Rule 8014(f) of 28 U.S.C. § 47 ...............................................16

1. The Statute Is "Simple and Absolute" ........................................................16

2. Section 47 Reaches What Occurred Here ..................................................16

3. The Advisement Is Timely..........................................................................18

B. Prayer for Relief Under 28 U.S.C. § 158 .......................................................19

C. The Appeals Should Be Consolidated.............................................................20

POSITION OF APPELLEE (9th Cir. R. 27-1)..........................................................21

CONCLUSION .........................................................................................................21

DECLARATION OF VIP BHOLA ...........................................................................23

CERTIFICATE OF COMPLIANCE ..........................................................................26

# TABLE OF AUTHORITIES

## US SUPREME COURT CASES

*Butner v. United States*
(1979) 440 U.S. 48 ........ 8

*T.M. v. Univ. of Md. Med. Sys. Corp.*
(2026) 146 S. Ct. 1739 ........ 9

*Hain Celestial Grp., Inc. v. Palmquist*
(2026) 607 U.S. 421 ........ 9, 10, 11

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
(2005) 544 U.S. 280 ........ 12

*Vallely v. N. Fire & Marine Ins. Co.*
(1920) 254 U.S. 348 ........ 12

*Pennoyer v. Neff*
(1878) 95 U.S. 714 ........ 12

*Int'l Union, United Mine Workers v. Bagwell*
(1994) 512 U.S. 821 ........ 15

*Taggart v. Lorenzen*
(2019) 587 U.S. 554 ........ 15

*Griggs v. Provident Consumer Discount Co.*
(1982) 459 U.S. 56 ........ 15

*Rexford v. Brunswick-Balke-Collender Co.*
(1913) 228 U.S. 339 ........ 16, 23

*Commodity Futures Trading Comm'n v. Schor*
(1986) 478 U.S. 833 ........ 18

*Nguyen v. United States*
(2003) 539 U.S. 69 .......... 19

*Moran v. Dillingham*
(1899) 174 U.S. 153 .......... *passim*

**FEDERAL CASES**

*Satellite Cap., LLC v. Emaciation Cap., LLC (In re Sawtelle Partners, LLC)*
(9th Cir. Oct. 16, 2025) 2025 U.S. App. LEXIS 26913 .......... 12

*In re Dyer*
(9th Cir. 2003) 322 F.3d 1178 .......... 15

*Dawson v. Marshall*
(9th Cir. 2009) 561 F.3d 930 .......... 16, 18, 23

*In re Boyajian*
(9th Cir. 2009) 564 F.3d 1088 .......... 19

**US CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. V
.......... 12

U.S. Const. art. III
.......... 18

U.S. Const. art. I
.......... 18

**FEDERAL STATUTES**

Title 28 U.S.C.
§ 47 .......... *passim*
§ 158(d) .......... 7
§ 2106 .......... 7, 19, 20

§ 1334(e)(1) .......... 8, 12
§ 158 .......... *passim*
§ 1964 .......... 21
§ 455(a) .......... 24

Title 11 U.S.C.
§ 541(d) .......... 7, 8
§ 362(e)(1) .......... 8
§ 1186(a) .......... 9
§ 1189(b) .......... 9

**STATE STATUTES**

California
Cal. Code Civ. Proc. § 917.1(a) .......... 10
Cal. Code Civ. Proc. § 917.4 .......... 10
Cal. Code Civ. Proc. § 405.30 .......... 21

**FEDERAL RULES**

Fed. R. Bankr. P.
Rule 8014(f) .......... 6, 18, 22

Fed. R. App. P.
Rule 3(b)(2) .......... 7, 20
Rule 27 .......... 7
Rule 28(j) .......... 18
Rule 6(c)(2)(H) .......... 19
Rule 27(d)(2)(A) .......... 26
Rule 32(g)(1) .......... 26
Rule 9 .......... 26
Rule 32(f) .......... 26
Rule 32(a)(6) .......... 26
Rule 32(a)(5) .......... 26

## MOTION

Appellants Mehmet Veli Aslan, M.D., Kevin Moda, and Vip Bhola inform the Court under Federal Rule of Bankruptcy Procedure 8014(f) that the district judge who decided *Aslan v. Mazgani* in original jurisdiction then sat as the reviewing court in every appeal presenting the issue he had decided, contrary to 28 U.S.C. § 47: "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him."

Judge Hsu made no findings of his own. He took judicial notice of Judge Russell's contempt order—itself entered without any stated jurisdictional basis—and on that footing held Mr. Moda's conveyance of the parcels to Dr. Aslan invalid. (**Ex. E**, Dkt. 43 at 2 n.2, 6.) He then reviewed, as an appellate judge, the bankruptcy court orders that rested on the same premise. Rulings entered in violation of § 47 are "not made by a court constituted as required by law" and must be set aside. *Moran v. Dillingham*, 174 U.S. 153, 158 (1899).

Appellants did not know § 47 existed. When they learned of it in August 2026, they moved at once to disqualify Judge Hsu from the appeal from Docket 1402—an appeal he had taken from Judge Sykes days earlier by direct assignment as a "related" case, over Appellants' objection. (Declaration of Vip Bhola ("Bhola Decl.") ¶¶ 2–6; No. 2:26-cv-07769, Dkts. 10–12, 17–18.) They bring it to this Court now.

Appellants pray that the Court not return these matters to another district judge, but decide them under 28 U.S.C. §§ 158(d) and 2106, reviewing the bankruptcy court's orders as a direct appeal.

The Court need decide only one thing: whether the bankruptcy court had jurisdiction over two parcels the Superior Court impressed with a constructive trust for Mr. Moda. It did not. Under 11 U.S.C. § 541(d), the parcels are not property of the estate, and there is nothing to administer.

In aid of that relief, Appellants ask the Court under Federal Rules of Appellate Procedure 3(b)(2) and 27 and Ninth Circuit Rule 27-1 to consolidate Nos. 25-3841, 25-5650, and 26-1951 and assign No. 26-1951 to the panel that will hear the other two on November 17, 2026.

## RESOLUTION OF THIS APPEAL

### A. The Court Need Rule Only on Jurisdiction

In 2015, Mr. Moda asked Mahvash Mazgani for an accounting of his trust assets. Instead, she sued him to quiet title to the Clark Property on January 19, 2016, and transferred the Massachusetts Property to her daughters on February 29, 2016. The daughters—co-trustees of Mr. Moda's trust, a fact he did not know—sued him to quiet title as well.

On October 2, 2019, creditors placed the debtor into involuntary bankruptcy. The case was converted to chapter 11, subchapter V, on July 15, 2020. (Bankr. Dkt.

250.) By her own declaration, title to the Massachusetts Property reached "Mimi Mazgani, a single woman" by a deed recorded June 24, 2020—266 days after the petition. (Bankr. Dkt. 1289-1 ¶¶ 6–7.)

On July 16, 2020, Mr. Moda moved for relief from stay; no order continued the stay, and it terminated by operation of law on August 15, 2020. 11 U.S.C. § 362(e)(1). On September 15, 2020, the bankruptcy court granted relief and remanded the state action "effectively immediately," stating: "I don't have any jurisdiction to deal with them." (Bankr. Dkt. 356; Adv. Dkt. 33.)

On December 7, 2022, in the Probate Code based equitable portion of the trial, the Superior Court found that both parcels "belong to Kevin Moda as a matter of law . . . as to the date of purchase," imposed a constructive trust, removed the debtor as trustee, and found that she "lied under oath." No party appealed those determinations. The money judgment of $33,229,583.55 entered July 7, 2023; the debtor appealed it alone and posted no undertaking. (Cal. Ct. App. No. B331499.)

That ends the inquiry. State law defines property interests, *Butner v. United States*, 440 U.S. 48, 55 (1979), and where the debtor holds only bare legal title, the equitable interest does not become property of the estate. 11 U.S.C. § 541(d). Exclusive bankruptcy jurisdiction reaches only property of the debtor "as of the commencement of such case." 28 U.S.C. § 1334(e)(1).

The Massachusetts Property was not the debtor's on October 2, 2019, and post-petition property enters a subchapter V estate only upon confirmation of a plan, 11 U.S.C. § 1186(a). No plan has been confirmed. The parcels are not property of the estate, and there is nothing to administer.

Subchapter V is built for speed: the debtor must file a plan within 90 days of the order for relief. 11 U.S.C. § 1189(b). This case is now more than 2,260 days past conversion and nearly seven years past the petition, with no confirmed plan, no § 363 sale, and $0.00 returned to creditors. What remains is not a reorganization; it is a vehicle for keeping Mr. Moda's property from him.

**B. Binding Precedent Decides the Question**

"[A]llowing federal district courts to review state-court judgments while they are on appeal in the state-court system would undermine the '[c]ooperation and comity' on which our federal system is built." *T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1751 (2026). *Rooker-Feldman* applies "regardless of whether those judgments are final trial-court judgments or those of a State's highest court." *Id.* at 1752.

Federal courts "are all of limited jurisdiction, and their proceedings are erroneous, if the jurisdiction be not shown upon them," and a court of appeals "must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 428

(2026) (internal quotation marks omitted). Where jurisdiction was lacking, the court of appeals "typically must vacate any judgment on the merits." *Id.* And "[t]his Court has never held that a district court can create jurisdiction through its own mistakes." *Id.* at 431.

These two precedents end all three cases. Against them, Judge Russell has only his own prior rulings. The stay terminated in 2020; on October 17, 2023, he revived it—"the stay is in effect as far as the enforcement"—resting on nothing but the debtor's unbonded state appeal of the money judgment. California law permits enforcement absent an undertaking. Cal. Code Civ. Proc. §§ 917.1(a), 917.4. The bankruptcy court supplied, without cost, the supersedeas the Legislature conditioned on a bond.

On March 3, 2026, more than three years after that clawback, he admitted that the estate-property status of the Massachusetts Property was a question "raised for the first time" that "hasn't been briefed at all." (Tr. Mar. 3, 2026 at 7:12–14, 9:20–23.) Of the jurisdictional objection, he said: "I haven't really thought about it." (*Id.* at 23:2–20.) He acknowledged that "it's the state court that's going to determine if Mr. Moda owns this property" (*id.* at 24:22–24), and that he "would be thrilled if [this Court] would rule, so then I would know what to do" (*id.* at 65:11–15). Yet he refused to wait, "because that could be years." (*Id.* at 66:10–17.)

On June 9, 2026, finding no congressional grant to justify the intrusion, he resorted to res judicata and collateral estoppel—defenses that ward off repetitive litigation but supply no jurisdiction. In Judge Russell's own words, his jurisdiction rests on:

- His own prior rulings. "[R]es judicata clearly applies. I've decided this issue many times . . . ." (Tr. June 9, 2026 at 10:11–12.) "[I]t is so obvious that clearly this Court had subject matter jurisdiction and clearly it had been decided res judicata and collateral estoppel clearly apply. And that takes care of the legal basis . . . ." (*Id.* at 21:23–22:2.)

- Indifference to whether the property is in the estate at all. "It doesn't matter even if the property would be ultimately determined as not property of the estate." (*Id.* at 12:7–8.)

- A burden he placed on no one. Told that the debtor bore the burden of establishing jurisdiction, he answered: "Well, they already did it — . . . by the facts." (*Id.* at 17:6–11.)

- His power to decide. "[T]hat's what jurisdiction is all about, the ability to decide the issue." (*Id.* at 19:18–19.) "I have jurisdiction. So, yes, that's what I'm saying." (*Id.* at 38:16–17.)

None of these is a statute. Preclusion "is not a jurisdictional matter," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005), and a judgment entered without jurisdiction has no preclusive effect, *Vallely v. N. Fire & Marine Ins. Co.*, 254 U.S. 348, 353–54 (1920). Whether the parcels were property of the estate is the jurisdictional question itself. 28 U.S.C. § 1334(e)(1).

Less than a year ago, this Court reviewed Judge Russell's adjudication of state-law title claims to property outside the estate. In a three-page memorandum it wrote the word "jurisdiction" eighteen times, held that "[n]o ground for jurisdiction exists here," and held that the court's jurisdiction had "lapsed" once the property left the estate. *Satellite Cap., LLC v. Emaciation Cap., LLC (In re Sawtelle Partners, LLC)*, 2025 U.S. App. LEXIS 26913, at *1–2*, 4 (9th Cir. Oct. 16, 2025). It vacated his judgment and his fee award for expunging a lis pendens. *Id.* at *2 & n.1. Review here will end the same way.

### C. Property and Money Taken Without Due Process of Law

No person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law." *Pennoyer v. Neff*, 95 U.S. 714, 733 (1878).

On February 26, 2024, Mr. Moda conveyed the parcels to Dr. Aslan. The debtor asked the Superior Court to cancel the deeds; Judge Long refused on March

14, 2024. Five days later, the bankruptcy court purported to rescind the same deeds on the same theory and imposed $1,000 per day. (Bankr. Dkt. 1081.) Asked whether it had known of the denial, it answered: "It doesn't matter." (Tr. Mar. 3, 2026 at 47:21–23.) Granting what a state court refused five days earlier is the review *Rooker-Feldman* forbids.

Nor were the objections heard. On June 17, 2025, Judge Russell told counsel he "would have you removed if you say another word," announced "your motion is frivolous," and declared, "I'm not going to have any further argument on this." (Tr. June 17, 2025.) He has denied Appellants' motions as "frivolous on its face" again and again, without analysis. (Bankr. Dkts. 447, 639, 1010, 1021, 1042, 1045, 1240, 1260.)

On June 9, 2026, Judge Russell announced: "I have the power to have you incarcerated until you do it." (Tr. June 9, 2026 at 32:5.) Docket 1402 purported to decree that "neither Mr. Moda nor Mr. Aslan holds title," to void the recorded deeds, and to impose $1,000 per day. (Bankr. Dkt. 1402 ¶¶ 7, 10–12.) On September 2, 2026, the debtor sought "coercive enforcement measures, up to and including incarceration." (Bankr. Dkt. 1415.)

On September 18, 2026, Docket 1418 held all three Appellants in "willful and malicious contempt," imposed $1,000 per day jointly and severally, and purported to void every notice of pendency filed since 2019—including those for this Court's

appeals—resting on "the reasons stated on the record" and "good cause," without citing any statutory source of jurisdiction. (**Ex. H**, Bankr. Dkt. 1418 ¶¶ 2–7 & 3:3–7.) Even a traffic citation names the issuing agency and the place of the offense; the California Highway Patrol cannot cite a boater in Maryland, whatever the boater did. The bankruptcy court is that patrol officer on the water.

The object is quitclaim deeds. The debtor tendered, for Mr. Moda's signature, two deeds by which he "hereby REMISES, RELEASES and QUITCLAIMS" the Clark Property to "Mahvash Mazgani, Trustee of the Mahvash Mazgani Family Trust" and the Massachusetts Property to "Mimi Mazgani, a single woman," each "FOR NO CONSIDERATION" and each "by Order of the Central District Bankruptcy Court." (**Ex. J**, Bankr. Dkt. 1289, Exh. 1 at 49–50.) Each recites that it is "a bankruptcy court-ordered conveyance." (*Id.*)

On June 9, 2026, debtor's counsel asked the court to "order that the title to the property be returned to the state in which it existed." (Tr. June 9, 2026 at 49:11–14.) The court answered: "I've already ordered that." (*Id.* at 49:15–21.) It added, "I agree that should happen," and "you're right that he should." (*Id.* at 50:7–8, 50:14.) It confirmed a separate $1,000-per-day sanction "for Mr. Moda to actually unwind the transaction." (*Id.* at 52:7–9.) What the debtor lost at trial, the bankruptcy court means to hand back through the threat of a cell.

The cost to the adjudicated victim of an affinity fiduciary fraud: **$2,214,671** in lost rent ($1,506,840 on the Massachusetts Property; $707,831 on the Clark Property). The estate took in $1,070,772.43, disbursed $1,191,419.11—$481,557 of it to lawyers and the trustee—for a net of **−$120,646.68**, and returned **$0.00** to creditors. (Bankr. Dkt. 754.)

None of it came with the process the Constitution requires. A fine that punishes completed conduct is criminal and cannot be imposed without criminal process. *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 828–29 (1994). A bankruptcy court may not impose serious punitive sanctions. *In re Dyer*, 322 F.3d 1178, 1192–93 (9th Cir. 2003).

Civil contempt may not issue where there is "a fair ground of doubt as to the wrongfulness of the defendant's conduct," *Taggart v. Lorenzen*, 587 U.S. 554, 557 (2019)—and a court that called the question "raised for the first time" conceded that doubt. A notice of appeal divests the lower court of control over the matters on appeal, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), yet Dockets 1402 and 1418 purport to void the notices of this Court's appeals.

# ARGUMENT

## A. Notice Under Rule 8014(f) of 28 U.S.C. § 47

### 1. The Statute Is "Simple and Absolute"

This Court has called § 47 "simple and absolute," and has stated that nothing in its opinion "affects or changes that rule." *Dawson v. Marshall*, 561 F.3d 930, 932 n.2 (9th Cir. 2009).

The Supreme Court required a reviewing court "constituted of judges uncommitted and uninfluenced by having expressed or formed an opinion in the court of the first instance," and warned that "it is not for the judiciary to disregard or to fritter away the positive prohibition of the legislature." *Moran*, 174 U.S. at 156–57. The prohibition "is not restricted to the case of a judge's sitting on a direct appeal from his own decree." *Id.* at 157. Consent "can make no difference." *Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339, 344 (1913).

### 2. Section 47 Reaches What Occurred Here

Judge Hsu received Mr. Moda's stay appeal, No. 2:23-cv-08894, on October 23, 2023. When Dr. Aslan sued to quiet title on April 4, 2024, the case was designated as related to that pending appeal. (**Ex. E**, Dkt. 43 at 1.) Sitting as the trial court, Judge Hsu took judicial notice of the bankruptcy court's contempt orders and, without asking whether that court had jurisdiction to enter them, held that Mr. Moda "has no right to the Properties while the State Court Judgment is being appealed and

the bankruptcy stay is still in effect." (*Id.* at 2 n.2, 6.) He dismissed with prejudice on June 10, 2024.

He then sat as the appellate court. On September 4, 2024, he decided the pending stay appeal by "recount[ing] the following facts from its Order Granting the Motion to Dismiss" in *Aslan*, and affirmed by quoting that dismissal. (No. 2:23-cv-08894, Dkt. 64 at 2, 13.) Every later appeal followed him—Nos. 2:24-cv-01011, 2:24-cv-02529, 2:24-cv-03245, 2:24-cv-05798, and, by transfer from Judges Sykes and Birotte, Nos. 2:25-cv-02230 and 2:25-cv-06877. (**Ex. I**.)

On August 4, 2026, debtor's counsel asked that the appeal from Docket 1402 go to him too, because it "arises from the same set of underlying facts as the Prior Appeals decided by the Honorable Wesley [L.] Hsu." (No. 2:26-cv-07769, Dkt. 10 at 2.) The next day it was transferred from Judge Sykes. (*Id.*, Dkt. 12.) None of his rulings examines the bankruptcy court's jurisdiction. (**Exs. A–G**.)

The later appeals came from the bankruptcy court, not from *Aslan*—but so did the appeal in *Moran*. Judge Pardee was disqualified from an appeal "from the decree of another judge" because it "involved a consideration of the scope and effect of his own order." 174 U.S. at 158. Every appeal Judge Hsu decided after June 10, 2024 required him to pass on the scope and effect of his own *Aslan* ruling. That is "an appeal from the decision of a . . . issue tried by him." 28 U.S.C. § 47. A local related-case rule cannot authorize what an Act of Congress forbids.

"Article III . . . safeguard[s] litigants' right to have claims decided before judges who are free from potential domination by other branches of government." *Dawson*, 561 F.3d at 933 (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986)). Appellants sought Article III review of an Article I court's assertion of jurisdiction and received review by the judge who had already adopted that court's orders as his own. One Article III judge has spoken eight times, never once on jurisdiction—an echo chamber drowning out *Hain Celestial*'s command.

Debtor's counsel, James R. Selth, has lost four motions before Judge Russell in the twenty-seven years from 1998 to 2025—and not one in this case. That record prompted no question from Judge Hsu.

**3. The Advisement Is Timely**

Appellants' counsel did not know § 47 existed. Upon learning of it in August 2026, he moved on August 18, 2026, to disqualify Judge Hsu in No. 2:26-cv-07769, the appeal Judge Hsu had taken from Judge Sykes by direct assignment. (Bhola Decl. ¶¶ 2–6; No. 2:26-cv-07769, Dkts. 17–18.) That motion, referred to Judge Blumenfeld, remains undecided.

Appellants advise this Court of § 47, *Moran*, *Rexford*, and *Dawson* as pertinent and significant authority promptly upon identifying it. Fed. R. Bankr. P. 8014(f); *see* Fed. R. App. P. 28(j). Timing is no answer in any event: the judgment

of an improperly constituted court falls even without a timely objection. *Nguyen v. United States*, 539 U.S. 69, 80–83 (2003).

**B. Prayer for Relief Under 28 U.S.C. § 158**

A decision rendered in violation of § 47 must be "set aside and quashed, without regard to its merits." *Moran*, 174 U.S. at 153, 158. But sending these matters back to another district judge would restart the cycle while the fines accrue and title remains clouded.

The Court need not do so. It reviews the bankruptcy court's orders without deference to the district court, *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009), and it "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and . . . direct the entry of such appropriate judgment, decree, or order . . . as may be just under the circumstances." 28 U.S.C. § 2106. The records are assembled. *Cf.* Fed. R. App. P. 6(c)(2)(H).

Mr. Moda asked the bankruptcy court to certify the question so it could reach this Court; it refused. (Tr. June 9, 2026 at 56:17–23.)

Appellants therefore pray that the Court exercise its jurisdiction under § 158(d), review the bankruptcy court orders underlying Nos. 25-5650 and 26-1951 as a direct appeal, and hold that the parcels, impressed with a constructive trust by the Superior Court, are not property of the estate under § 541(d), and that the bankruptcy court lacked jurisdiction to enter the orders that followed. Any remand should go to

a randomly assigned district judge who has not participated in these proceedings. 28 U.S.C. § 2106. Appellants seek exclusion of no judge of this Court.

**C. The Appeals Should Be Consolidated**

Rule 3(b)(2) permits the Court to consolidate appeals taken by separate notices. Every usual ground is present: one bankruptcy case, one res, one state judgment, one district judge, the same counsel, and one controlling question. Deciding it three times invites inconsistent answers about a single parcel of real property.

Appellee has asserted five times that "[a]ll the appeals discuss the same set of facts relating to the State-Court Judgment." (No. 2:25-cv-02230, Dkt. 13 at PageID.261–62; *see* No. 2:25-cv-06877, Dkts. 7, 31-2; No. 2:26-cv-07769, Dkts. 10, 22.) The district court agrees that the appeals "stem from the same set of underlying facts" (No. 2:25-cv-06877, Dkt. 48 at 1 & n.1), and told Mr. Bhola to "save it for the Ninth Circuit." (Tr. Apr. 24, 2026 at 7:4–8:11.)

On January 2, 2026, the Court denied Appellants' December 2025 motion (No. 25-3841, Dkts. 32, 44.1)—before No. 26-1951 was docketed, before the first two appeals were calendared, and before Dockets 1402 and 1418 issued. Consolidation imposes no burden: each record is on file, the same counsel appears throughout, and Appellants will submit No. 26-1951 on its existing briefs.

## POSITION OF APPELLEE (9th Cir. R. 27-1)

Counsel for Appellants contacted David B. Zolkin of Weintraub Zolkin Talerico & Selth LLP, counsel for Appellee Mahvash Mazgani, by email on September 23, 2026, regarding the relief sought. Appellee opposes the Motion.

## CONCLUSION

Judge Russell has demanded, under pain of incarceration, things that have not only puzzled the litigants and their counsel but frightened Dr. Aslan, a physician and a foreign national. (Tr. June 9, 2026 at 32:5; Bankr. Dkt. 1415.) He has demanded that quitclaim deeds be executed in favor of the judgment debtor. (**Ex. J**.) He has demanded that the notices of pendency on the parcels be taken down. (Bankr. Dkt. 1402 ¶¶ 10–12.)

Congress left notices of pendency to state law. 28 U.S.C. § 1964. California commits their expungement to "the court in which the action is pending." Cal. Code Civ. Proc. § 405.30. Judge Russell nonetheless reached into the dockets of the Superior Court, the California Court of Appeal, the district court, and this Court, and ordered their notices invalid. (**Ex. H**, Bankr. Dkt. 1418 ¶ 7.) He has unilaterally announced dates on which the parcels passed to the debtor that are not the actual dates of transfer (*see* Bankr. Dkt. 1402 ¶¶ 5–6; Bankr. Dkt. 1289-1 ¶¶ 6–7), and he has shown no respect for the final orders of the state court or for those on appeal.

Upon this Rule 8014(f) advisement, Appellants respectfully request that the Court (1) grant the relief prayed for under 28 U.S.C. § 158: set aside the district court's appellate judgments in Nos. 25-5650 and 26-1951 under § 47, review the underlying bankruptcy court orders as a direct appeal without remand, and hold that the parcels are not property of the estate and that the bankruptcy court lacked jurisdiction over them; and (2) consolidate Nos. 25-3841, 25-5650, and 26-1951 and assign No. 26-1951 to the panel hearing the other two on November 17, 2026.

DATED: September 23, 2026

Respectfully submitted,
**LAW OFFICES OF VIP BHOLA**

By: ______________________________
VIP BHOLA (SBN 183980)
Counsel for Appellants Mehmet Veli Aslan, M.D., and Kevin Moda; Appellant in pro per in No. 26-1951

## DECLARATION OF VIP BHOLA

I, Vip Bhola, declare:

1. I am an attorney licensed to practice in California (SBN 183980) and admitted to practice before this Court. I am counsel for Appellants Mehmet Veli Aslan, M.D., and Kevin Moda, and I am the Appellant in pro per in No. 26-1951. I have personal knowledge of the facts stated here and, if called as a witness, could and would testify competently to them.

2. Until August 2026, I did not know that 28 U.S.C. § 47 existed. I had never read it, never seen it cited in any filing in these proceedings, and never heard it raised by any party or court in the bankruptcy case, the district court, or this Court.

3. On August 4, 2026, counsel for the debtor asked that the appeal from Bankruptcy Docket 1402, No. 2:26-cv-07769, which had been assigned to Judge Sykes, be transferred to Judge Hsu as related to the prior appeals he had decided. (No. 2:26-cv-07769, Dkt. 10.) On August 5, 2026, the appeal was transferred from Judge Sykes to Judge Hsu by direct assignment, not by random assignment. (*Id.*, Dkt. 12.) Appellants objected. (*Id.*, Dkt. 11.)

4. In August 2026, while researching the grounds for opposing that transfer, I learned of 28 U.S.C. § 47 and of the decisions construing it, including *Moran v. Dillingham*, 174 U.S. 153 (1899), *Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339 (1913), and *Dawson v. Marshall*, 561 F.3d 930 (9th Cir. 2009).

5. I recognized at once that Judge Hsu had decided *Aslan v. Mazgani*, No. 2:24-cv-02762-WLH-SK, in original jurisdiction, and had then sat as the reviewing court in the appeals from the bankruptcy court presenting the same issue, including Nos. 2:23-cv-08894, 2:25-cv-02230, and 2:25-cv-06877.

6. As soon as I learned of § 47, I moved to disqualify Judge Hsu under 28 U.S.C. §§ 47 and 455(a) in No. 2:26-cv-07769. That motion was filed on August 18, 2026. (No. 2:26-cv-07769, Dkts. 17–18.) It was referred to Judge Blumenfeld and remains undecided.

7. I did not raise § 47 earlier in the district court or in this Court because I did not know of it. No tactical consideration delayed its assertion. Appellants bring it to this Court's attention now by the accompanying motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2026, at North Hollywood, California.

______________________________
VIP BHOLA

## PROOF OF SERVICE

I, Vip Bhola, declare that I am over the age of eighteen years. My business address is 5429 Cahuenga Blvd., Suite 101, North Hollywood, California 91601.

On September 28, 2026, I served the foregoing APPELLANTS' MOTION UNDER FED. R. BANKR. P. 8014(f) TO ADVISE THE COURT OF 28 U.S.C. § 47, FOR RELIEF UNDER 28 U.S.C. § 158, AND TO CONSOLIDATE APPEALS NOS. 25-3841, 25-5650, AND 26-1951, together with the Certificate of Compliance, the Declaration of Vip Bhola, and Exhibits A through J, as follows:

**By ACMS.** I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Case Management System (ACMS), which will send notice of the filing to the following registered users:

David B. Zolkin, Esq., and James R. Selth, Esq., Weintraub Zolkin Talerico & Selth LLP, counsel for Appellee Mahvash Mazgani;

Nazanin Mazgani, Esq. (SBN 270258), Appellee and counsel for Debtor/Appellee Mahvash Mazgani.

**By United States mail.** I placed a true copy of the foregoing in a sealed envelope, with first-class postage fully prepaid, addressed as follows, and deposited it with the United States Postal Service at North Hollywood, California:

Neyaz Mazgani

10954 Massachusetts Avenue
Los Angeles, California 90024

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2026, at North Hollywood, California.

VIP BHOLA

**CERTIFICATE OF COMPLIANCE**
(Fed. R. App. P. 27(d)(2)(A), 32(g)(1); 9th Cir. R. 27-1, 32-3)

I certify that APPELLANTS' MOTION UNDER FED. R. BANKR. P. 8014(f) TO ADVISE THE COURT OF 28 U.S.C. § 47, FOR RELIEF UNDER 28 U.S.C. § 158, AND TO CONSOLIDATE APPEALS NOS. 25-3841, 25-5650, AND 26-1951 complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,510 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), within the 5,200-word limit.

The motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

DATED: September 28, 2026

Respectfully submitted,
**LAW OFFICES OF VIP BHOLA**

VIP BHOLA (SBN 183980)
Counsel for Appellants Mehmet Veli Aslan, M.D., and Kevin Moda; Appellant in pro per in No. 26-1951

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

Nos. 25-3841, 25-5650, 26-1951 | Central District of California Judicial Record

# INDEX OF EXHIBITS

## IN SUPPORT OF APPELLANTS' MOTION UNDER FED. R. BANKR. P. 8014(f) FOR RELIEF UNDER 28 U.S.C. § 158 AND CONSOLIDATION OF APPEALS


| Ex. | Document Description | Record Cite | Pages |
|---|---|---|---|
| A | Order denying reconsideration, Aslan v. Mazgani | No. 2:24-cv-02762-WLH-SK, Dkt. 50 | 2–3 |
| B | Order dismissing bankruptcy appeal as “a frivolous rehashing of issues already decided” (Mar. 4, 2026) | No. 2:25-cv-06877-WLH, Dkt. 55 | 4–6 |
| C | Order denying Rule 60 relief, stay-termination appeal | No. 2:23-cv-08894-WLH, Dkt. 85 | 7–9 |
| D | Order denying Rule 60 relief, Aslan v. Mazgani | No. 2:24-cv-02762-WLH-SK, Dkt. 60 | 10–12 |
| E | Order Granting Motion to Dismiss, Aslan v. Mazgani (June 10, 2024) | No. 2:24-cv-02762-WLH-SK, Dkt. 43 | 13–19 |
| F | Order dismissing appeal from stay-violation sanctions (Mar. 27, 2024) | No. 2:24-cv-01011-WLH | 20 |
| G | Order affirming bankruptcy court (Aug. 15, 2025) | No. 2:25-cv-02230-WLH, Dkt. 23 | 21–34 |
| H | Order holding Appellants in contempt (Sept. 18, 2026) | Bankr. C.D. Cal. No. 2:19-bk-21655-BR, Dkt. 1418 | 35–40 |
| I | Table of cases: appeals from the bankruptcy case decided or held by Judge Hsu | — | 41–43 |
| J | Quitclaim deeds tendered for Mr. Moda’s signature, each “FOR NO CONSIDERATION” (141 S. Clark Dr. #320, APN 4335-012-121; 10950 Massachusetts Ave., APN 4324-029-001) (attached) | Bankr. Dkt. 1289, Exh. 1 at 49–50 | 44–46 |


**RECORD RECONCILIATION & STRATEGIC JURISDICTIONAL PURPOSE:**

1. Direct Support for 8014(f) Motion: Corresponds verbatim to the Index of Exhibits cited in Appellants' Motion.
2. Judicial Whipsaw & Jurisdictional Conflict: Establishes concurrent federal district court dismissals, recharacterizations under Local Rule 7-18, stay-enforcement whipsaws, and contempt coercive sanctions under threat of incarceration.
3. Complete Sequential Pagination: Every exhibit includes a dedicated divider slip sheet and full certified text (Pages 1–46).

# EXHIBIT A

## ORDER DENYING RECONSIDERATION

**Aslan v. Mazgani — Summary Finding of Frivolousness & Caputo Citation**

| | |
|---|---|
| **CASE & COURT:** | U.S. District Court, C.D. Cal. (Hon. Wesley L. Hsu) |
| **RECORD CITE:** | No. 2:24-cv-02762-WLH-SK, Dkt. 50 (9th Cir. No. 25-3841) |
| **ORDER / FILING DATE:** | August 15, 2024 |
| **STANDARD / NATURE:** | C.D. Cal. Local Rule 7-18 \| 28 U.S.C. § 1927 |
| **EXHIBIT BINDER PAGES:** | **Pages 2–3** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Summary Denial: Motion for reconsideration denied as frivolous; hearing vacated.
2. Threat of Sanctions: Court cited Caputo v. Tungsten Heavy Powder, Inc., warning counsel of personal sanctions under 28 U.S.C. § 1927.
3. Attached Record: Certified CM/ECF Text Entry (extracted from 9th Cir. ER Vol. 1, p. 4).

| | | |
|---|---|---|
| | | *RULE 60, (IN THE EVENT A JUDGMENT IS ENTERED BE 44 NOTICE OF ERRATA; RE DECLARATION OF DR. MEHMET VELI ASLAN, M.D. (FILED ON JUNE 19, 2024 [DOC 47) AND NOTICE OF MOTION (DOC 44). (Bhola, Vipan) (Entered: 06/20/2024)* |
| 06/21/2024 | 49 | SCHEDULING NOTICE AND (IN CHAMBERS) ORDER TAKING PLAINTIFF'S MOTION for Reconsideration re Order on Motion to Dismiss Case UNDER SUBMISSION 44 by Judge Wesley L. Hsu: The court finds the MOTION currently scheduled for hearing on 7/19/24, is appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. L.R. 7-15. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearance by counsel is necessary. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (hc) TEXT ONLY ENTRY (Entered: 06/21/2024) |
| 08/15/2024 | 50 | (IN CHAMBERS) ORDER ON APPELLANT'S MOTION FOR RECONSIDERATION 44 by Judge Wesley L. Hsu: Under Local Rule 7-18, "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Appellant has not shown any material change in the facts or the law, nor has he shown that the Court failed to consider material facts that would merit reconsideration of the Motion to Dismiss. This Motion for Reconsideration is therefore frivolous. Cf. Caputo v. Tungsten Heavy Powder, Inc., 96 F.4th 1111, 111819 (9th Cir. 2024) (imposing sanctions under 28 U.S.C. § 1927 against attorneys who knowingly filed frivolous motion for reconsideration based on false claim of new evidence). The Motion is DENIED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (hc) TEXT ONLY ENTRY (Entered: 08/15/2024) |
| 05/06/2025 | 51 | First NOTICE OF MOTION AND MOTION for Relief from Relief from the Order of Dismissal under Federal Rules of Civil Procedure 60(b) and 60(d)(3). re Text Only Scheduling Notice,,,,, 50 , Order on Motion to Dismiss Case 43 *Notice of Motion and Motion for Relief from the Order of Dismissal under Federal Rules of Civil Procedure 60(b) and 60(d)(3).* filed by Plaintiff Mehmet Veli Aslan M.D.. Motion set for hearing on 6/6/2025 at 01:30 PM before Judge Wesley L. Hsu. (Attachments: # 1 Declaration DECLARATION OF VIP BHOLA, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF UNDER FED. RULES OF CIV. PROC., RULE 60(b), (d), # 2 Proposed Order [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b), (d), # 3 Declaration DECLARATION OF VIP BHOLA / PROOF OF SERVICE) (Bhola, Vipan) (Entered: 05/06/2025) |
| 05/13/2025 | 52 | SCHEDULING NOTICE AND (IN CHAMBERS) ORDER CONTINUING PLAINTIFF'S MOTION for Relief from Relief the Order of Dismissal (DKT. 51 ) by Judge Wesley L. Hsu: Plaintiff has set the motion for a day the court's calendar is full and, therefore, clos The court, on its own motion, continues the Motion from 6/6/2025 to 6/13/2025 at 01:3( PM. The precise time of the hearing may change upon the issuance of the final calendar for that date. The hearing will proceed in-person at the First Street Courthouse, Courtroom 9B. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (hc) TEXT ONLY ENTRY (Entered: 05/13/2025) |
| 05/14/2025 | 53 | REQUEST FOR JUDICIAL NOTICE re First NOTICE OF MOTION AND MOTION for Relief from Relief from the Order of Dismissal under Federal Rules of Civil Procedure 60(b) and 60(d)(3). re Text Only Scheduling Notice,,,,, 50 , Order on Motion to Dismiss Case 43 *Notice of Motion and M 51 filed by Plaintiff Mehmet Veli Aslan M.D.. (Bhola, Vipan) (Entered: 05/14/2025)* |

# EXHIBIT B

## ORDER DISMISSING BANKRUPTCY APPEAL WITH PREJUDICE

**Dismissed as "A Frivolous Rehashing of Issues Already Decided"**

| | |
|---|---|
| **CASE & COURT:** | U.S. District Court, C.D. Cal. (Hon. Wesley L. Hsu) |
| **RECORD CITE:** | No. 2:25-cv-06877-WLH, Dkt. 55 (9th Cir. No. 26-1951) |
| **ORDER / FILING DATE:** | March 4, 2026 (Entered March 5, 2026) |
| **STANDARD / NATURE:** | Involuntary Dismissal With Prejudice \| Docket Defiance |
| **EXHIBIT BINDER PAGES:** | **Pages 4–6** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Involuntary Terminal Dismissal: Dismissed bankruptcy appeal with prejudice as 'a frivolous rehashing of issues already decided', closing case without hearing.
2. Merits Evasion: Never reached or adjudicated the governing statutory question of 11 U.S.C. § 362(e)(1) mandatory automatic stay expiration.
3. Attached Record: Complete 2-page Order of Dismissal With Prejudice (JS-6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06877-WLH | Date | March 4, 2026 |
| Title | ***In Re Mahvash Mazgani*** | | |

Present: The Honorable WESLEY L. HSU, United States District Judge

| | |
|---|---|
| Lesbith Castillo | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING ACTION WITH PREJUDICE**

On February 25, 2026, the Court ordered Appellant Vip Bhola to show cause as to why this action should not be terminated for his continued defiance of this Court's orders (the "Order to Show Cause"). (Dkt. No. 54). The Court ordered Appellant Bhola to respond to the Order to Show Cause no later than March 2, 2026. Appellant declined to file a timely response in yet another instance of his willful disregard for this Court's orders.

The Court has provided Appellant plenty of opportunities to justify his defiance. (*See* Order to Show Cause, Dkt. No. 47; Order to Show Cause, Dkt. No. 54). The Court went so far as to sanction Appellant Bhola for this conduct unbecoming of an attorney. (*See* Order Imposing Sanctions, Dkt. No. 53). Accordingly, the Court finds there to be no other alternative to address Appellant's conduct other than dismissal of the action—one that the Court believes to be a frivolous rehashing of issues already decided.

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA JS-6

**CIVIL MINUTES - GENERAL**

The Court hereby **DISMISSES** the action with prejudice. All deadlines and hearings are **VACATED**, and the case is **ORDERED** administratively closed.

**IT IS SO ORDERED.**

# EXHIBIT C

## ORDER DENYING RULE 60 RELIEF, STAY-TERMINATION APPEAL

**Recharacterization of Rule 60 Sanctions Challenge as Untimely Reconsideration**

| | |
|---|---|
| **CASE & COURT:** | U.S. District Court, C.D. Cal. (Hon. Wesley L. Hsu) |
| **RECORD CITE:** | No. 2:23-cv-08894-WLH, Dkt. 85 |
| **ORDER / FILING DATE:** | June 6, 2025 |
| **STANDARD / NATURE:** | Fed. R. Civ. P. 60(b) recharacterized under Local Rule 7-18 |
| **EXHIBIT BINDER PAGES:** | **Pages 7–9** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Procedural Recharacterization: Construed substantive Rule 60(b) motion for relief from sanctions as an untimely Local Rule 7-18 motion.
2. Twin Ruling: Issued on June 6, 2025—the identical day Judge Hsu denied Rule 60 relief in Aslan.
3. Attached Record: Complete 2-page Civil Minutes Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08894-WLH | Date | June 6, 2025 |
| Title | ***In Re Mahvash Mazgani*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE MOTION FOR RELIEF [80]**

The Court is in receipt of Movant Vipan Bhola's ("Movant Bhola's") Motion for Relief from Judgment (Mot. for Relief, Docket No. 80). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 58 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 13, 2025, is **VACATED**, and the matter taken off calendar.

On November 4, 2024, the Court issued an order sanctioning Movant Vipan Bhola. (Order on Sanctions, Docket No. 78). In concluding that sanctions were appropriate, the Court explained that "Bhola's responses to the Court's Order to Show Cause re Sanctions do not explain why the Court should not issue sanctions; instead, the responses exemplify the very conduct which prompted the Court to issue the Order." (*Id.* at 5).

On May 8, 2025—more than six months after the Court issued the sanctions order—Movant Bhola filed a Motion for Relief from the order. (Mot. for Relief).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Because Movant Bhola argues that the Court was wrong to enter the sanctions order, the Court construes the Motion for Relief as a motion for reconsideration. Local Rule 7-18 specifies that "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." L.R. 7-18. Movant Bhola makes no attempt to demonstrate good cause for his egregious delay in filing the Motion, so the Court must deny the Motion.

Movant Bhola's Motion is defective for another reason. Local Rule 7-18 dictates that motions for reconsideration may only be made on one of three grounds: (a) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered," (b) "the emergence of new material facts or a change of law occurring after the Order was entered," or (c) "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. None of these three grounds apply to the instant Motion. Instead, Movant Bhola again attempts to relitigate issues which this Court—and the Bankruptcy Court—have already ruled upon. This is exactly the behavior which led to the Court entering sanctions against Movant Bhola. This appeal is closed, and the Court's sanctions order (to which Movant Bhola *submitted* prior to the hearing) became final long ago. Any future frivolous filings will warrant further sanctions. The Court **DENIES** Movant Bhola's Motion.

**IT IS SO ORDERED.**

# EXHIBIT D

## ORDER DENYING RULE 60 RELIEF, ASLAN V. MAZGANI

**Procedural Recharacterization Under Local Rule 7-18 & "Appeal" Misnomer**

| | |
|---|---|
| **CASE & COURT:** | U.S. District Court, C.D. Cal. (Hon. Wesley L. Hsu) |
| **RECORD CITE:** | No. 2:24-cv-02762-WLH-SK, Dkt. 60 (9th Cir. No. 25-3841) |
| **ORDER / FILING DATE:** | June 6, 2025 |
| **STANDARD / NATURE:** | Fed. R. Civ. P. 60(b)/(d) recharacterized under Local Rule 7-18 |
| **EXHIBIT BINDER PAGES:** | **Pages 10–12** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Local Rule Recharacterization: Recharacterized substantive Rule 60(b)/(d) motion into a 14-day local motion, denying it as untimely.
2. Jurisdictional Confusion: Mistakenly referred to the original diversity action as an 'appeal', stating 'This appeal became final long ago and is closed.'
3. Attached Record: Complete 2-page Civil Minutes Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02762-WLH-SK | Date | June 6, 2025 |
| Title | ***Dr. Mehmet Veli Aslan M.D. v. Nazanin Mazgani et al*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE MOTION FOR RELIEF [55]**

The Court is in receipt of Plaintiff Mehmet Veli Aslan's ("Plaintiff") Motion for Relief from the Order of Dismissal. (Mot. for Relief, Docket No. 55). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 58 at 12). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 13, 2025, is **VACATED**, and the matter taken off calendar.

On June 10, 2024, the Court issued an order dismissing the case with prejudice. (Docket No. 78). On August 15, 2024, the Court issued an order denying Plaintiff's Motion for Reconsideration. (Docket No. 50). On May 6, 2025—nearly eleven months after the Court dismissed this case—Plaintiff filed a Motion for Relief from the order dismissing the case. (Mot. for Relief). Because Plaintiff argues that the Court was wrong to dismiss the case, the Court construes the Motion for Relief as a renewed motion for reconsideration, governed by Local Rule 7-18. The Court **DENIES** the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

First, Local Rule 7-18 specifies that "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." L.R. 7-18. Plaintiff makes no attempt to demonstrate good cause for Plaintiff filing a *second* motion for reconsideration nearly eleven months after the Court issued the order in question. Second, Local Rule 7-18 specifies that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." L.R. 7-18. Much of the instant Motion focuses on the propriety of the bankruptcy stay in the underlying bankruptcy action—an issue argued in opposition to the Motion to Dismiss *and* in support of Plaintiff's initial motion for reconsideration. Finally, the Court finds that none of the three grounds for reconsideration permitted by Local Rule 7-18 applies here. *See* Docket 50 (outlining permitted grounds and denying initial Motion for Reconsideration). This appeal became final long ago and is closed. The Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

# EXHIBIT E

## ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

**Aslan v. Mazgani — Original Diversity Jurisdiction Dismissal**

| | |
|---|---|
| **CASE & COURT:** | U.S. District Court, C.D. Cal. (Hon. Wesley L. Hsu) |
| **RECORD CITE:** | No. 2:24-cv-02762-WLH-SK, Dkt. 43 (9th Cir. No. 25-3841) |
| **ORDER / FILING DATE:** | June 10, 2024 |
| **STANDARD / NATURE:** | Original Jurisdiction (28 U.S.C. § 1332) \| Fed. R. Civ. P. 12(b)(1)/(6)/(7) |
| **EXHIBIT BINDER PAGES:** | **Pages 13–19** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Dismissal With Prejudice: Dismissed entire diversity action with prejudice, holding Dr. Aslan lacked Article III standing to enforce quiet title contracts.
2. Circular Precedent: Found grant deeds violated bankruptcy stay; this trial order was then quoted as binding factual reality in intermediate bankruptcy appeals.
3. Attached Record: Complete 6-page Order Granting Motion to Dismiss (JS-6).

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DR. MEHMET VELI ASLAN, M.D. an individual,

Plaintiff,

v.

NAZANIN MAZGANI, an individual; NEYAZ MAZGANI, an individual; CLEMENTE R. CUEVAS, an individual; and DOES 1-5, inclusive,

Defendants.

Case No. 2:24-cv-02762-WLH-SK

Related Case: 2:23-cv-08894-WLH

**ORDER GRANTING MOTION TO DISMISS [13] WITH PREJUDICE**

Before the Court is the Motion to Dismiss (the "Motion") brought by Defendants Nazanin Mazgani and Neyaz Mazgani. For the following reasons, the Motion is **GRANTED**, and the case is **DISMISSED** with prejudice in its entirety.

## I. BACKGROUND

In 2019, an involuntary bankruptcy petition was filed in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") against Mahvash Mazgani, the mother of moving Defendants Nazanin and Neyaz Mazgani.[1] (Compl., Docket No. 1 ¶¶ 39, 46; *In re Mazgani*, Case No. 2:19-bk-21655-BR (Bankr. C.D. Cal.) ("Bkr. Docket")). At the time, the Mazganis were plaintiffs in an action against Kevin Moda in the Los Angeles County Superior Court. (*See* Defs.' Req. for Judicial Notice ("RJN"), Docket No. 17, Ex. B).[2] At issue in the state court action was the rightful ownership of two properties: one at 141 South Clark Drive, Unit 320, Los Angeles, California 90048 (the "Clark Property"), and another at 10950 Massachusetts Avenue, Los Angeles, California 90024 (the "Massachusetts Property"). (*Id.* at 3).

On July 16, 2020, Moda filed a motion in the bankruptcy action, *In re Mazgani*, for relief from the automatic bankruptcy stay so the state court action could proceed. (Defs.' RJN, Ex. C). The motion specified that Moda "agree[d] that *the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate*," except that Moda would be able to file a proof of claim and/or an adversary

---

[1] Mahvash Mazgani—who is not a defendant in this action—and Defendants Nazanin Mazgani and Neyaz Mazgani are hereinafter collectively referred to as "the Mazganis."

[2] Defendants' RJN seeks judicial notice of six court documents from other dockets, (RJN, Exs. A–E, G), and a number of recorded grant deeds, (*Id.*, Exs. F, H (compiling grant deeds)). On a motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Undisputed matters of public record are properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)). The Court therefore **GRANTS** Defendants' RJN.

complaint with the Bankruptcy Court. (*Id.* at 3 (emphasis added)). On September 16, 2020, the Honorable Barry Russell of the Bankruptcy Court granted Moda's motion "to allow [the] pending state court action … to continue in the state court forum." (Order Granting Mot. for Relief From Automatic Stay, Bkr. Docket No. 356 at 2).

On October 2, 2020, Kevin Moda filed a Cross-Complaint in the state court action, asserting that the Mazganis owed him a non-dischargeable debt arising out of Mahvash Mazgani's alleged defrauding of Moda and mishandling of a trust held for Moda's benefit. (*Moda v. Mazgani*, Case No. 2:20-ap-01637-BR (Bankr. C.D. Cal.) ("AP Docket"), Ex. 1 to Adversary Compl., Docket No. 1-1). The same day, Moda filed an adversary action against Mahvash Mazgani in the Bankruptcy Court. (*Id.*, Adversary Compl., Docket No. 1). The adversary action is rooted in the same allegations as Moda's Cross-Complaint in the state court proceeding.

On July 7, 2023, Kevin Moda obtained a judgment against Mahvash Mazgani in the state court action (the "State Court Judgment"). (Defs.' RJN, Ex. B). Through the State Court Judgment, the state court awarded Moda both the Clark Property and the Massachusetts Property. (*Id.* at 7–8). On July 12, 2023, the Mazganis appealed the State Court Judgment. (Defs.' RJN, Ex. C).

On September 21, 2023, Moda filed a motion for an "Order Confirming Termination of Stay" in the Bankruptcy Court. (Bkr. Docket No. 835). In brief, Moda argued that the State Court Judgment "led to excluding the [Clark and Massachusetts] properties from the automatic stay." (*Id.* at 30). Therefore, Moda argued, he could enforce the State Court Judgment regardless of the bankruptcy stay. (*See generally id.*). On October 18, 2023, Judge Russell denied Moda's motion and confirmed that "the automatic stay remains in effect as to enforcement of any judgment in the Superior Court case." (Order Denying Mot. for Confirmation of Termination of Stay, Bkr.

Docket No. 877). Moda then appealed that order to this Court.[3] (*See In re Mazgani*, Case No. 2:23-cv-08894-WLH (C.D. Cal.)).

Despite the pending appeal, and in complete disregard of Judge Russell's order, Moda and his attorney, Vipan Bhola, violated the stay. (*See* Order Granting Debtor's Mot. for Sanctions and Damages, Bkr. Docket No. 993). In an order dated January 19, 2024, Judge Russell found that Moda and Bhola had

> attempt[ed] to enforce Mr. Moda's non-final Superior Court judgment by: 1) Mr. Moda sending letters to Debtor [Mahvash Mazgani]'s tenants identifying himself as owner of Debtor's property and directing them to suspend payment of rents to Debtor; and 2) by Mr. Bhola filing an *Ex Parte* Application for Mr. Moda in the Superior Court seeking such an order.

(*Id.* at 2). Judge Russell ordered Moda and Bhola to pay compensatory sanctions and punitive damages for their violation of the stay. (*Id.*).

Nevertheless, Moda continued to violate the stay. On March 20, 2024, Judge Russell issued a contempt order against Moda for

> A. Recording a Grant Deed on February 26, 2024 signed by Moda purporting to grant [the Clark Property] to Mehmet Veli Aslan (Recorded Doc. No. 20240122024);
>
> B. Recording a Grant Deed on February 26, 2024 signed by Moda purporting to grant [the Massachusetts Property] to Mehmet Veli Aslan (Recorded Doc. No. 20240122023);
>
> C. Causing to be delivered a Notice of Ownership Change dated February 29, 2024 purportedly signed by "V. Aslan" to Debtor's tenants residing at [the Massachusetts Property], which stated that the new owner of the property is Mehmet Veli Aslan, M.D.; that rent payments shall be made payable to Mehmet Veli Aslan, M.D.; and "Until further notice, please do not remit any rent"; and "RENT OBLIGATIONS ALL SUSPENDED UNTIL FURTHER NOTICE";

[3] In all, Moda has filed four appeals of orders of the Bankruptcy Court. (*See In re Mazgani*, Case Nos. 2:24-cv-01011-WLH, 2:24-cv-03245-WLH, 2:24-cv-02529-WLH (C.D. Cal.)). The Court has already dismissed one of the appeals (Case No. 2:24-cv-01011-WLH) with prejudice.

> D. Causing to be delivered a Three-Day Notice to Pay Rent or Quit dated March 6, 2024 purportedly signed by Mehmet Veli Aslan, M.D. to Debtor's tenants residing at [the Massachusetts Property]. Said Three-Day Notice instructs the tenants on Page 2 to pay rent to an individual named David Duval at an address in West Hollywood and on Page 3 to pay rent to an account at Wells Fargo Bank in the name of John Gross.
>
> E. Causing to be delivered a "Notice to Tenants and Trespassers" dated March 6, 2024 purportedly signed by Mehmet Veli Aslan, M.D. delivered to Debtor's tenants residing at [the Massachusetts Property]. Said Notice instructs the tenants to remove all personal items from their garages by March 11, 2024 or the items "will be considered abandoned and subject to removal."

(Order Holding Moda in Contempt, Bkr. Docket No. 1081 at 2–3). Among other remedial actions, Judge Russell ordered Moda to record recissions of both grant deeds recorded on February 26, 2024, that purported to deliver the Clark and Massachusetts Properties to Aslan (the "Grant Deeds"). (*Id.* at 3). Judge Russell further ordered Moda to provide proof of his remedial actions by March 25, 2024, or "pay sanctions of $1,000 per day to Debtor's attorneys of record from and after March 25, 2024 until proof of all the Remedial Actions is provided." (*Id.*).

On April 4, 2024, Aslan, represented by Bhola, initiated this action against Defendants Nazanin Mazgani, Neyaz Mazgani, and Clemente R. Cuevas, seeking to enforce the State Court Judgment.[4] (*See generally* Compl.). Defendants Nazanin and Neyaz Mazgani filed the instant Motion to Dismiss on April 26, 2024. The Clerk of Court entered default against Defendant Cuevas on May 8, 2024.

On June 4, 2024, Judge Russell issued an Order to Show Cause Why Additional Punitive Measures Should Not Be Imposed on Kevin Moda for His Failure to Remediate His Actions Taken in Violation of the Automatic Stay. (Order to Show Cause, Bkr.

---

[4] Mahvash Mazgani is not a defendant in this action. Plaintiff explains this by stating that "[t]o include [Mahvash Mazgani] as a judgment debtor could result in preference, so permission will be sought to remove all Mazganis from the properties to lift the unauthorized stay that the bankruptcy court has imposed on 'judgment collection' so the Superior Court can order their evictions." (Compl., Docket No. 1 ¶ 12).

Docket No. 1124). That order explains that Moda has never provided proof of the remedial measures Judge Russell ordered him to take in the Order Holding Moda in Contempt. (*Id.* at 2). Nor has Moda paid any of the ordered sanctions. (*Id.*).

## II. DISCUSSION

Like each of Moda's bankruptcy appeals in this Court, this case is another clear attempt by Moda and Bhola to circumvent the authority of the Bankruptcy Court, enforce the State Court Judgment that is currently on appeal, and take possession of the Massachusetts and Clark Properties. Though there are many reasons to dismiss this case with prejudice, the Court will explain the simplest reason so as not to further waste judicial resources on Moda. Aslan does not have standing to bring this case. "The constitutional standing doctrine … prohibits a litigant from asserting another person's legal rights." *Frank v. Wells Fargo Bank, N.A.*, 620 F. Supp. 3d 1024, 1027 (C.D. Cal. 2022) (citing *City of Rialto v. W. Coast Loading Corp.*, 581 F.3d 865, 877 (9th Cir. 2009)). Aslan is not the rightful owner of the Massachusetts or Clark Properties. Moda's execution of Grant Deeds purporting to transfer the Properties to Aslan was a violation of the automatic stay and in contravention of Judge Russell's orders. Moda has no right to the Properties while the State Court Judgment is being appealed and the bankruptcy stay is still in effect. Moreover, Judge Russell has already ordered Moda to record recissions of the Grant Deeds upon which this entire action is based. Since Aslan has no standing to bring this action, the case must be dismissed.

## III. CONCLUSION

The Motion is **GRANTED**, and the case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated: June 10, 2024

[signature]
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

## ORDER DISMISSING APPEAL FROM STAY-VIOLATION SANCTIONS

**Companion Bankruptcy Appeal Dismissed With Prejudice (March 27, 2024)**

| | |
|---|---|
| **CASE & COURT:** | U.S. District Court, C.D. Cal. (Hon. Wesley L. Hsu) |
| **RECORD CITE:** | No. 2:24-cv-01011-WLH \| Bankruptcy Appeal Order (Closed) |
| **ORDER / FILING DATE:** | March 27, 2024 (Confirmed June 10, 2024 in Dkt. 43) |
| **STANDARD / NATURE:** | 28 U.S.C. § 158(a) Bankruptcy Appellate Jurisdiction |
| **EXHIBIT BINDER PAGES:** | **Page 20** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Official Confirmation on Record: Expressly cited by Judge Hsu in Aslan Dkt. 43 at fn. 3 ('The Court has already dismissed one of the appeals (Case No. 2:24-cv-01011-WLH) with prejudice').
2. Companion Status: Confirmed as a related, closed appeal on the face of Dkt. 64 and Dkt. 23.
3. Disposition: Involuntary dismissal with prejudice of bankruptcy appeal from stay sanctions.
4. Certified Record: Standalone certified record documenting dismissal.

# EXHIBIT G

## ORDER ON APPEAL (AFFIRMING BANKRUPTCY COURT)

### 13-Page Merits Opinion Affirming Adversary Dismissal (Hon. Barry Russell)

**CASE & COURT:** U.S. District Court, C.D. Cal. (Hon. Wesley L. Hsu)

**RECORD CITE:** No. 2:25-cv-02230-WLH, Dkt. 23 (9th Cir. No. 25-5650)

**ORDER / FILING DATE:** August 15, 2025 (Entered August 20, 2025)

**STANDARD / NATURE:** 28 U.S.C. § 158(a) | Abuse of Discretion (Hinkson, 585 F.3d at 1262)

**EXHIBIT BINDER PAGES:** **Pages 21–34**

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Merits Affirmance: Affirmed adversary dismissal order and denial of reconsideration under abuse of discretion standard.
2. De Novo Dictum: Judge Hsu declared at page 12 that he would affirm even under de novo review.
3. Self-Assignment: Reassigned to Judge Hsu after unilateral consent block transfer from Sykes.
4. Attached Record: Complete 13-page Order on Appeal (JS-6).

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>MAHVASH MAZGANI,<br>Debtor. | Case No. 2:25-cv-02230-WLH<br>Bankr. Case No. 2:19-bk-21655<br>Adversary Case No. 2:20-ap-1637-BR<br>**ORDER ON APPEAL** |
| KEVIN MODA,<br>Appellant,<br>v.<br>MAHVASH MAZGANI,<br>Appellee. | Related Cases:<br>2:23-cv-08894-WLH<br>2:24-cv-02762-WLH<br>2:24-cv-01011-WLH<br>2:24-cv-02529-WLH<br>2:24-cv-03245-WLH<br>2:24-cv-05798-WLH |

Before the Court is the appeal of three related Bankruptcy Court decisions regarding an adversary proceeding: (1) an October 15, 2024, Order Dismissing the Adversary Proceeding ("Dismissal Order") (Dismissal Order, AP Docket No. 97); (2) a March 5, 2024, Memorandum of Decision Denying Kevin Moda's Motion for

Reconsideration of Order Dismissing the Adversary Proceeding ("Memo Denying Reconsideration of Dismissal") (Memo Denying Reconsideration, AP Docket No. 119); and, (3) an Order Denying Reconsideration from the same date (Order Denying Reconsideration, AP Docket No. 120).[1]

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's Dismissal Order, Memo Denying Reconsideration of Dismissal and Order Denying Reconsideration.

## I. BACKGROUND

### A. General Background

The instant appeal stems from the Bankruptcy Court's dismissal of an adversary proceeding. Because the dismissal "did not occur in a vacuum" (Memo Denying Reconsideration at 1), the Court briefly summarizes other related proceedings and litigation. On October 19, 2019, a creditor of Appellee Mavash Mazgani ("Appellee" or "Debtor") filed a Chapter 7 Involuntary Petition against Appellee in the Bankruptcy Court. (*Id.* at 2). At the time of the petition, Appellee and Appellant Kevin Moda ("Appellant" or "Mr. Moda") were engaged in litigation in the Los Angeles County Superior Court regarding the ownership of two properties. (*Id.*). On May 12, 2020, the Bankruptcy Court entered an order for relief. (*Id.*). About two months later, the Bankruptcy Court converted the Bankruptcy Case into a Chapter 11 case. (*Id.*).

On July 16, 2020, Mr. Moda filed a motion for relief from the automatic stay. (*Id.*). "The motion specified that Moda 'agree[d] that the *stay will remain in effect as to the enforcement of any resulting judgment against the Debtor or bankruptcy estate,*

[1] "AP Docket" references are to the docket in the underlying adversary case, 2:20-ap-1637-BR. "BK Docket" references are to the docket in the related bankruptcy case, 2:19-bk-21655.

except that Moda would be able to file a proof of claim and/or adversary proceeding in this Court." (*Id.*). The Bankruptcy Court granted the Motion on September 16, 2020. (*Id.*).

On October 2, 2020, Mr. Moda filed a cross-complaint in the state court alleging that Appellee defrauded Mr. Moda and mishandled a trust held for Mr. Moda's benefit. (*Id.* at 2-3). Mr. Moda filed the adversary proceeding at issue in the instant appeal on the same day. (*Id.* at 3).

On July 7, 2023, the state court awarded Mr. Moda over $30 million in damages as well as the two properties at issue in the case. (*Id.* at 3). Appellee Mazgani appealed the state court judgment. (*Id.*). On September 21, 2023, Mr. Moda filed a motion for an "Order Confirming Termination of Stay" in the bankruptcy action. (*Id.*). Mr. Moda argued that he could enforce the state court judgment regardless of the bankruptcy stay because the judgment had determined that the two properties at issue were excluded from the automatic stay. (*Id.*). About one month later, the Bankruptcy Court denied the Motion and confirmed that the automatic stay barred enforcement of any judgment in the state court case. (*Id.*).[2]

Since the Bankruptcy Court confirmed the scope of the automatic stay, Mr. Moda has engaged in a pattern of frivolous and abusive conduct. (*Id.* at 9-15). Both the Bankruptcy Court and this Court have found that Mr. Moda and his former attorney Vipan Bhola ("Mr. Bhola") have continually and intentionally violated the automatic stay. (*Id.* at 3-4 (describing Bankruptcy Court and District Court decisions)). On January 19, 2024, the Bankruptcy Court ordered sanctions against both Mr. Moda and Mr. Bhola for their violations of the automatic stay. (*Id.* at 9). Mr. Moda and Mr. Bhola failed to pay sanctions by the ordered deadline. (*Id.* at 9-10). On March 20, 2024, the Bankruptcy Court found both Mr. Moda and Mr. Bhola in contempt of court. (*Id.* at 10). On the same day, the Bankruptcy Court ordered Mr.

[2] About eleven months later, this Court affirmed the Bankruptcy Court's decision. (*Id.*).

Moda to take certain remedial actions related to his violation of the stay. (*Id.* at 11). Mr. Moda did not complete the remedial actions for nearly five months and did so only after being threatened with incarceration for his continued contempt of court. (*Id.* at 14).

By the time the Bankruptcy Court issued the Dismissal Order at issue on appeal, this Court had concluded that Mr. Moda had attempted to mislead this Court and had wasted the time and resources of both the Court and opposing counsel. (*Id.* at 14-15 (citing this Court's February 7, 2024, decision in Case No. 23-cv-08894)). By the time the Bankruptcy Court issued the Memo Denying Reconsideration of Dismissal, Mr. Moda had accrued approximately $500,000 of unpaid sanctions against him. (*Id.* at 14).

**B. <u>Dismissal Order and Memo and Order Denying Reconsideration of Dismissal</u>**

While the history the of bankruptcy and related actions is critical to understanding the context for the orders now on appeal, the Court now turns to the specific procedural history which led to the dismissal of Mr. Moda's adversary proceeding. On January 10, 2024, the Bankruptcy Court set a status conference for March 12, 2024, regarding the state court litigation. (AP Docket No. 69). On February 28, 2024, Mr. Moda filed a Notice of Substitution of Attorney, noting that Appellant would appear *pro se* in the adversary proceeding, in place of his former counsel, Mr. Bhola. (Substitution of Attorney, AP Docket No. 72). On March 12, 2024, Mr. Moda appeared in pro per at the scheduled status conference and the Bankruptcy Court continued the conference to June 4, 2024. (*See* AP Docket No. 75 (continuing status hearing to June 4, 2024); Memo Denying Reconsideration at 5 (reflecting that Mr. Moda appeared in pro per)). On May 21, 2025, Appellee filed a status report. (AP Docket No. 76). Mr. Moda did not file a status report.

On May 24, 2024, Mr. Bhola (who on that date did not represent Mr. Moda in the adversary proceeding), filed a "Status Conference Report" on the *Bankruptcy*

*Docket*. (Status Conference Report, BK Docket No. 1123). As the Bankruptcy Court noted, "[t]his document was not actually a report regarding the state court litigation but rather defiant and bizarre statements that [Mr. Moda] was not going to abide by [the Bankruptcy] Court's orders regarding his violation of the automatic stay." (Memo Denying Reconsideration at 5 (citing Status Conference Report, BK Docket No. 1123)).[3]

On June 4, 2024, the Bankruptcy Court held the continued status conference. Mr. Moda did not appear for the conference. (Order to Show Cause Why Complaint Should Not Be Dismissed for Plaintiff's Failure to Attend Status Conference ("OSC re Dismissal"), AP Docket No. 77). Following the hearing, the Bankruptcy Court issued an Order to Show Cause Why Complaint Should Not Be Dismissed for Plaintiff's Failure to Attend Status Conference ("OSC re Dismissal"). (*Id.*). The Bankruptcy Court specifically ordered Mr. Moda to appear before the Court on August 6, 2024, and to "file any Response to this Order" no later than July 23, 2024. (*Id.*).

On June 6, 2024, the Bankruptcy Court Noticing Center provided notice of the OSC to Mr. Moda via first class mail. (BNC Certificate of Notice, AP Docket No. 79). On August 6, 2024, the Bankruptcy Court held the hearing regarding the OSC. (AP Docket No. 84). Mr. Moda appeared for the hearing. (Excerpt of Record Volume 5, Docket No. 16-5 at ER 558:19-559:6 (reflecting exchange between Bankruptcy Court and Mr. Moda)). At the hearing, Mr. Moda claimed that he did not

[3] The entirety of this report read: "This Status Conference Report is filed by plaintiff/creditor, Kevin Moda, by and through his counsel. This court recognizes that it lacks the jurisdiction and the authority to do anything else besides declare that 'there is a stay' (which there is not). Creditor, Mr. Moda, made it abundantly clear that he is not going to abide by a void admonition to relinquish the real property and put himself in jeopardy of violating banking laws and lender laws. While we sympathize with the court's lack of jurisdiction, that is something for the Article III court to decide, and we are ready to have that issue considered. The Debtor claims that she incurring $375,000 per year for fees and expenses, while Mr. Moda is incurring $280.000 per month in interest for the Debtor's lack of payment of the Judgment." (*Id.*).

receive the OSC. (*Id.*). The Bankruptcy Court, "being unaware that the OSC had been served by the Noticing Center, believed Mr. Moda had not been served with the OSC." (Memo Denying Reconsideration at 6). The Bankruptcy Court thus continued the OSC hearing to September 24, 2025. (Excerpt of Record Volume 5, at ER 559:20; Renewed OSC, AP Docket No. 85).[4] The Court issued a Renewed OSC why the case should not be dismissed for plaintiff's failure to attend the status conference on June 4, 2024. (Renewed OSC). The Renewed OSC noted that Mr. Moda "shall file any Response to this Order to Show Cause no later than September 10, 2024." (Renewed OSC at 2). Both the Notice Center and Appellee Mazgani notified Mr. Moda of the OSC via first class mail. (AP Docket Nos. 87, 88).

On September 10, 2024, Mr. Bhola—who had withdrawn from representation in the adversary proceeding more than six months prior—filed a response the OSC on the adversary proceeding docket. (Bhola's Response to OSC, AP Docket No. 89 (reflecting that the document was filed by Vipan Bhola); *id.* at 1 (reflecting Bhola's name and information in document header); *id.* at 12 (reflecting that Bhola served the document to the relevant parties)). This filing was unauthorized and inappropriate given that Mr. Moda was proceeding in pro per.

Mr. Bhola's filing consisted of a declaration by Mr. Bhola and one exhibit. (Bhola's Response to OSC). Despite the fact that Mr. Bhola did not represent Mr. Moda at the time of June 4, 2024, hearing at issue in the OSC, Mr. Bhola declared that "Mr. Moda bears no fault in the nonappearance on June 4, 2024, as I had assumed the responsibility to appear in his stead." (*Id.* ¶ 14). The bulk of the declaration conveyed that Mr. Bhola did not appear for the hearing because he did not understand the importance of the hearing. (*Id.* ¶¶ 1-9; *see also* ¶¶ 16-22 (apologizing for actions

[4] As reflected later in this Order, having reviewed the Noticing Center's Certificate of Notice, the Bankruptcy Court later found that Mr. Moda was properly served with the OSC prior to the August 6, 2024, hearing and that Mr. Moda's statement that he had not been served with the OSC is not credible.

taken during litigation)). In the declaration, Mr. Bhola "acknowledged that [his] absence was not acceptable" and noted that he "did not fully understand the gravity of these proceedings or the respect due to this Court." (*Id.* ¶¶ 3-4). Mr. Bhola stated that "my failure to appear was a symptom of my previous ignorance, not a reflection of disregard for the Court's authority." (*Id.* ¶ 6).

In two paragraphs of his Declaration, Mr. Bhola put forth an alternative reason for his absence:

> On June 4, 2024, I arrived at the Los Angeles Courthouse wheelchair ramp with nearly 25 minutes to spare to make it from that building to the Courthouse. On the way up the wheelchair ramp, I tipped sideways and fell off my chair and my chair landed atop me. I could not move and had no way of alerting anyone of my fall as the chair was atop me. My failure to appear at the June 4, 2024, status conference, which resulted in Mr. Moda's subsequent nonappearance, was due to a physical disability that required urgent medical attention. I have attached the corresponding medical record hereto and incorporate it herein by reference as Exhibit A.

(*Id.* ¶¶ 10-11). Exhibit A appears to reflect "Appointment Details" from a June 8, 2024, visit to the Santa Clarita Imaging & Interventional Center. (Exhibit A to Bhola's Response to OSC). The exhibit appears to reflect orders for x-rays and either a preliminary or final diagnosis of "splintered middle finger of right hand; pelvic fracture." (*Id.*). The exhibit reflects that the visit occurred four days after the June 4, 2024, status conference. (*Id.*).

Mr. Moda failed to file his own response the OSC. (Memo Denying Reconsideration at 7). On September 24, 2024, the Court held the continued OSC hearing. Mr. Moda appeared alongside attorney Felix J. Woo.[5] (Excerpt of Record Volume 5 at ER 592:11-16). The Bankruptcy Court confirmed that Mr. Woo was

[5] This Court discloses that it has a professional friendship with Mr. Woo having served together for years on the board of a large bar association. Nothing about this relationship requires recusal, however.

representing Mr. Moda in the bankruptcy action but not the adversary proceeding in which the OSC was issued. (Excerpt of Record Volume 5, at ER 592:11-595:10 (reflecting exchange between Bankruptcy Court and Mr. Woo)). Mr. Bhola appeared telephonically (*id.* at ER 595:12-596:18) and the Bankruptcy Court clarified, on the record, that Mr. Bhola was only properly appearing regarding contempt sanctions unrelated to the OSC re: dismissal. (*Id.* at ER 611:1-24).

At the conference, the Bankruptcy Court addressed Mr. Moda's claim, made at August 6, 2024 hearing, that Mr. Moda had not received the first OSC. (*Id.* at ER 603:7-604:13). The Bankruptcy Court explained that upon review of the Court's record, the Court determined that Mr. Moda had been served with the initial OSC prior to the conference on August 6, 2024, and that Mr. Moda's statement to the contrary was not credible. (*Id.*) The Bankruptcy Court noted that Mr. Moda was also properly served the renewed OSC. (*Id.* at ER 607:12-19). The Bankruptcy Court further explained that because Mr. Bhola did not represent Mr. Moda in the Adversarial Proceeding at the time that Mr. Bhola filed a response to the renewed OSC, the filing was improper such that Mr. Moda did not respond to the Renewed OSC. (*Id.* at ER 603:17-612:21 (reflecting exchange between Bankruptcy Court, Mr. Moda and Mr. Bhola on the matter)). Because Mr. Moda had twice been served with the OSC and failed to respond to it, the Bankruptcy Court dismissed Mr. Moda's complaint in the adversary proceeding for lack of prosecution. (*Id.* at ER 607:12-608:11).

On October 15, 2024, the Bankruptcy Court entered the Dismissal Order. (Dismissal Order). On October 29, 2024, Mr. Moda, through Mr. Woo,[6] filed a Motion to Reconsider the Dismissal Order. (Mot. to Reconsider, AP Docket No. 104). The Motion to Reconsider tolled Mr. Moda's time to appeal the Dismissal Order until resolution of the Motion to Reconsider. Fed. R. of Bankr. P 8002(b)(b).

[6] Mr. Felix Woo entered a Notice of Appearance for Mr. Moda on October 3, 2024. (AP Docket No. 94).

On March 5, 2025, the Bankruptcy Court issued the Memo Denying Reconsideration of Dismissal and the Order Denying Reconsideration. (Memo Denying Reconsideration; Order Denying Reconsideration). The Bankruptcy Court's Memo Denying Reconsideration addressed many of the same arguments before the Court in the instant Motion. (*See generally id.*). The Bankruptcy Court further emphasized the following:

> Moda's willful failure to file a status report or appear at the June 4, 2024 status hearing resulting in the dismissal did not occur in a vacuum. Rather, it was a continuation of months of his abusive conduct, including knowing violating Court orders, filing numerous frivolous pleadings in both this Court and in the District Court and being found in contempt of this Court's orders, which will be discussed in detail [in the Memo]. His history of defiance of numerous court orders resulting in sanctions now in the amount of approximately $500,000, without a dollar being paid, has not acted as a deterrent to Moda's abuse of the judicial system. As discussed [in the Memo], the only appropriate sanction for Moda's conduct was the dismissal of his adversary proceeding with prejudice.

(*Id.* at 1-2). Eight days later, Mr. Moda filed a Notice of Appeal regarding the Dismissal Order, the Memo Denying Reconsideration of Dismissal and the Order Denying Reconsideration. (Notice of Appeal, Docket No. 1). All briefing was submitted by July 9, 2025, and the Court took the matter under submission on August 14, 2025. (Docket Nos. 20, 22).

## II. DISCUSSION

### A. <u>Legal Standard</u>

"A district court reviews a bankruptcy judge's decision by applying the same standard of review used by circuit courts when reviewing district court decisions." *In re Wlodarczyk*, 604 B.R. 863, 868 (S.D. Cal. 2019). A bankruptcy court's decision to dismiss an action for failure to prosecute is therefore reviewed under the "abuse of discretion" standard. *See Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988)

(reflecting appellate standard for abuse of discretion outside of the context of bankruptcy appeals).[7] Under the abuse of discretion standard, the district court first determines if a bankruptcy court identified the correct legal rule. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (outlining abuse of discretion test generally). If the bankruptcy court applied the correct legal rule, the district court may only reverse the bankruptcy court's decision if the bankruptcy court reached a result that is "illogical, implausible, or without support in inferences that may be drawn from the record . . . ." *Id.* When evaluating a bankruptcy court's decision, the district court reviews the bankruptcy court's finding of facts for clear error, meaning the district court accepts the findings "unless these findings leave the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008). The district court, however, "need not adopt the bankruptcy court's rationale and may affirm on any basis supported by the record." *In re Wlodarczyk*, 604 B.R. at 868.

**B. <u>Analysis</u>**

Based on a review of the Dismissal Order, the Memo Denying Reconsideration of Dismissal, the Order Denying Reconsideration, the record before the Court and all briefing, the Court concludes that the Bankruptcy Court did not abuse its discretion in dismissing with prejudice Mr. Moda's adversary proceeding.

*1. The Bankruptcy Court Applied the Correct Legal Rule*

Mr. Moda has not argued that the Bankruptcy Court applied the incorrect legal rule. (*See generally* Mot. for Reconsideration; Opening Brief, Docket No. 14). The

[7] Appellant contends both that "[i]t is well settled that the standard for review of a dismissal for failure to prosecute is whether the lower court abused its discretion" and "[b]ecause an appeal of a dismissal for failure to prosecute necessarily involves a question of due process the question of whether the appellant has been afforded due process is reviewed de novo." (Mot. at 13). *Carey*, which Mr. Moda cites to, articulates that the proper appellate standard of review for dismissals for lack of prosecution. *See Carey,* 856 F.2d at 1440 ("We review a district court's order dismissing an action for failure to prosecute for an abuse of discretion."). The Court, however, would also affirm the Bankruptcy Court's orders under a *de novo* standard.

Court thus treats any such argument as waived. *In re Mortg. Store*, 773 F.3d 990, 998 (9th Cir. 2014) ("A litigant may waive an issue by failing to raise it in a bankruptcy court."). For good measure, the Court notes that the Bankruptcy Court applied the correct legal rule when issuing the Order and Memo at issue on appeal. The Ninth Circuit outlines five factors that courts must weigh to determine whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). The Memo Denying Reconsideration reflects that the Bankruptcy Court considered all five factors in rendering the decisions which Mr. Moda now appeals.

*2. The Bankruptcy Court's Findings of Fact are Not Clearly Erroneous*

The Bankruptcy Court made the following factual findings in its Dismissal Order: (1) Plaintiff did not file a Status Report for the June 4, 2024, status conference and did not appear for the conference; (2) the Bankruptcy Court Noticing Center served Mr. Moda the initial OSC on June 6, 2024; (3) Mr. Moda's statement to the contrary is not credible; (3) Mr. Moda did not respond to the initial OSC; (4) Mr. Moda was twice served the Renewed OSC; (5) Mr. Moda did not respond to the initial OSC. (Dismissal Order at 2). In its Memo Denying Reconsideration of the Dismissal Order, the Bankruptcy Court confirmed many of these factual findings. (Memo Denying Reconsideration at 6-8). The Bankruptcy Court further found that (a) Mr. Moda intentionally failed to file a status report for the June 4, 2024, hearing and intentionally failed to attend the status conference (*id.* at 9); (b) Mr. Moda did not intend to appear nor have Mr. Bhola appear on his behalf on the June 4, 2024, hearing (*id.* at 6); (c) Mr. Bhola's declaration that he fell and was injured on the way to Court on June 4, 2024, was not credible (*id.* at 7); (d) Mr. Moda's failure to appear "was a continuance of his many months of his abuse of the judicial system." (*Id.* at 8).

Based on a careful review of the record, the Court finds that none of these findings are clearly erroneous and therefore accepts the findings.

*3. The Bankruptcy Court's Decision was Supported by the Record and Neither Illogical nor Implausible*

In its Memo Denying Reconsideration of the Dismissal, the Bankruptcy Court's explained why the public interest, the court's need to manage its docket, the risk of prejudice to the defendants, the public policy favoring decisions on the merits and the availability of less drastic sanctions weighed in favor of dismissal with prejudice. (Memo Denying Reconsideration at 16-18 (analyzing factors)). Based on the above factual findings, the Bankruptcy Court's conclusions were supported by the record and neither illogical nor implausible. *Hinkson*, 585 F.3d at 1262. The Court, therefore, must affirm the Bankruptcy Court's Orders and Memo under the abuse of discretion standard. Even if the Court were to conduct a *de novo* review, the Court would affirm the Bankruptcy Court's Order for the same reasons articulated in the Memo Denying Reconsideration of Dismissal. (Memo Denying Reconsideration at 16-18 (analyzing factors)). The Court notes that even if it or the Bankruptcy Court found Mr. Bhola's account of his declared accident credible, the Bankruptcy Court's Dismissal Order and Memo and Order Denying Reconsideration would still stand. Mr. Bhola did not represent Mr. Moda at the time of the June 4, 2024, hearing. Mr. Bhola would not have been able to properly appear for Mr. Moda and, even if he had, Mr. Moda still failed to file a status report and twice failed to respond to the Bankruptcy Court's OSC.

*4. The Bankruptcy Court's Decisions may be Affirmed on an Additional Ground*

The Court also affirms the appealed decisions on other grounds: three local rules justify dismissal. Under Local Bankruptcy Rule 7041-1, "if a party fails to appear at the noticed hearing of a motion, a status conference, a pretrial conference or trial of the proceeding, the court may make such orders in regard to the failure as are

just, including dismissal of the matter for want of prosecution." Local Bankr. R. 7041-1(b) (describing dismissals of adversary proceedings). Under Local Bankruptcy Rule 7016-1, "[t]he failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor . . . may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party . . . or the proceeding may be dismissed."[8] Local Bankr. R. 7016-1(g). Also under Bankruptcy Local Rule 7016-1,"if a status conference statement . . .is not [timely] filed or lodge . . .the court may order . . . entry of judgment of dismissal . . . ." Local Bankr. R. 7016-1(f). Based on the facts presented above, any one of the three of these rules would justify the Bankruptcy Court's Dismissal Order, and subsequent denial of reconsideration. These three local rules, therefore, each provide an independent ground on which this Court affirms the orders at issue on appeal.

## III. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Dismissal Order, Memo Denying Reconsideration of Dismissal, and Order Denying Reconsideration. The Court **ORDERS** the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: August 15, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

---

[8] While the Bankruptcy Court applied the Ninth Circuit's factors for dismissal for lack of prosecution in its Memo Denying Reconsideration of Dismissal, the record suggests that the Bankruptcy Court's Dismissal Order may have been made pursuant to the local rules. (*See* Memo Denying Reconsideration at 9 n.2 (citing Local Bankr. R. 7016-1(g)); *see* Dismissal Order (noting "Order Dismissing Adversary Proceeding" and describing Mr. Moda's failure to attend the June 4, 2024, hearing and failure to submit responses to the OSCs)).

# EXHIBIT H

## ORDER HOLDING APPELLANTS IN CONTEMPT

**Imposition of $1,000/Day Joint & Several Sanctions & Lis Pendens Voidance**

| | |
|---|---|
| **CASE & COURT:** | U.S. Bankruptcy Court, C.D. Cal. (Hon. Barry Russell) |
| **RECORD CITE:** | Bankr. C.D. Cal. No. 2:19-bk-21655-BR, Dkt. 1418 |
| **ORDER / FILING DATE:** | September 18, 2026 |
| **STANDARD / NATURE:** | Civil Contempt \| 11 U.S.C. § 105(a) |
| **EXHIBIT BINDER PAGES:** | **Pages 35–40** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Contempt Holding: Finds 'willful and malicious contempt'; imposes $1,000 per day coercive sanctions jointly and severally against Appellants.
2. Voiding State Filings: Purports to void notices of pendency / lis pendens filed with any court.
3. Coercive Threat: Follows transcript threats of incarceration to enforce estate claims.
4. Attached Record: Complete 5-page signed Contempt Order.

David B. Zolkin – Bar #155410
**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660
Email: dzolkin@wztslaw.com

General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
MAHVASH MAZGANI

FILED & ENTERED
SEP 18 2026
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MAHVASH MAZGANI,<br><br>Debtor and Debtor in Possession. | Case No. 2:19-bk-21655-BR<br><br>Chapter 11 – Subchapter V<br><br>**ORDER REGARDING ORDER TO SHOW CAUSE RE KEVIN MODA'S CONTEMPT OF COURT FOR CONTINUING WILLFUL VIOLATIONS OF THE AUTOMATIC STAY AND FAILURE TO CORRECT TITLE THAT HE PURPORTED TO ALTER IN VIOLATION OF THE STAY**<br><br>Date: September 8, 2026<br>Time: 10:00 a.m.<br>Courtroom: 1668 |

On September 8, 2026, at 10:00 a.m., a continued hearing (the "Hearing") was held before the undersigned on the following matters:

(A) the *Debtor's Motion for Issuance of an Order to Show Cause against (a) Kevin Moda's for His Continuing and Willful Violations of the Automatic Stay Under 11 U.S. C. § 362(k) Due to His Failure to Correct Postpetition Changes to Title on the Massachusetts and Clark Street Properties and Damages and (2) Vip Bhola and Mehmet Veli Aslan, M.D., for Their Continuing*



WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

*and Willful Violations of the Automatic Stay by Attempting to Exercise Control Over those Same Properties* (the "Motion")[1] [Dkt. 1289];

(B) the January 14, 2026 *Order on Motion to Show Cause Re (1) Kevin Moda for His Continuing and Willful Violations of the Automatic Stay Due to His Failure to Correct the Title on the Massachusetts and Clark Street Properties and Damages, and (2) Vip Bhola and Mehmet Veli Aslan, M.D., for Their Continuing and Willful Violations of the Automatic Stay by Attempting to Exercise Control Over the Properties* (the "Initial OSC") [Dkt. 1329]; and

(C) the July 9, 2026 *Order (1) Ruling on Issues Briefed By Parties Regarding Massachusetts Property as Estate Property and Preclusive Effect of Prior Rulings; (2) Holding Vip Bhola and Mehmet Veli Aslan in Contempt for Further Violations of the Automatic Stay; (3) Compelling Vip Bhola and Mehmet Veli Aslana to Remove Lis Pendens from Title to Massachusetts and Clark Properties and (4) Setting Further Hearing on Order to Show Cause Re Kevin Moda's Contempt of Court for Continuing Willful Violations of the Automatic Stay and Failure to Correct Title That He Purported to Alter in Violation of the Stay* (the "July 9 OSC Order") [Dkt. 1402].

None of Vip Bhola, Kevin Moda or Mehmet Veli Aslan filed any pleading in response to the July 9 OSC Order. Evidence submitted to the Court by the Debtor prior to the Hearing demonstrates that Messrs. Bhola, Moda and Aslan took no steps to remove each *Notice of Pendency of Action* that they had previously caused to be recorded against the real property located at 141 S. Clark, Dr. Unit 320, Los Angeles, California (the "Clark Property") and 10950-10954 Massachusetts Ave., Los Angeles, California (from time to time hereafter, the "Massachusetts Property" and, collectively with the Clark Property, the "Properties") and that the Court ordered be removed ("Lis Pendens"). To the contrary, the evidence submitted by the Debtor demonstrates that, after the entry of the July 9 OSC Order, Messrs. Bhola, Moda and Aslan filed and/or recorded further *lis pendens* against the Properties in direct contravention of this Court's prohibition against them doing so.

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Appearing at the Hearing in person were David B. Zolkin of Weintraub Zolkin Talerico & Selth LLP, on behalf of the Debtor, and Mr. Moda, on his own behalf.

Having considered the Motion, the Initial OSC, the July 9 OSC Order, and all pleadings filed in connection therewith, having considered the extensive record of this bankruptcy case ("Case"), and having considered the arguments and statements made by the parties prior to and at the Hearing, and for the reasons stated on the record of the Hearing, and finding good cause to exist,

**IT IS HEREBY ORDERED THAT:**

1. The July 9 OSC Order is reaffirmed in its entirety.

2. Mr. Bhola and Mr. Aslan are each found to be in ongoing willful and malicious contempt of the automatic stay imposed by 11 U.S.C. § 362 and in ongoing willful and malicious contempt of this Court's prior orders for the reasons set forth in the July 9 OSC Order and in the record of this proceeding.

3. Mr. Moda is found to be in willful and malicious contempt of the automatic stay imposed by 11 U.S.C. § 362 and in willful and malicious contempt of this Court's prior orders for the reasons set forth in the July 9 OSC Order, at the Hearing and in the record of this proceeding.

4. Each of Mr. Bhola and Mr. Aslan is hereby sanctioned, and is jointly and severally liable to the Debtor in the amount of $1,000 per day commencing on July 1, 2026, and continuing through such date that the Lis Pendens and any subsequent *lis pendens* that either one of them or Mr. Moda has caused to be filed and/or recorded against the Clark Property and/or the Massachusetts Property, or hereafter causes to be filed and/or recorded against one or both of the Properties, have been removed.

5. Mr. Moda is hereby sanctioned, and, commencing on September 22, 2026, and continuing through such date that the Lis Pendens and any subsequent *lis pendens* that he, Bhola and/or Aslan have caused to be filed and/or recorded against the Clark Property and/or the Massachusetts Property, or hereafter cause to be filed and/or recorded against one or both of the Properties, have been removed, Mr. Moda is liable to the Debtor in the amount of $1,000 per day.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Messrs. Moda's, Bhola's and Aslan's liability for the daily sanctions imposed herein shall be joint and several.

6. The foregoing daily monetary sanction amounts are in addition to other daily monetary sanction amounts previously imposed by this Court upon any of Messrs. Bhola, Moda and/or Aslan. To the extent that such prior daily monetary sanctions continue to accrue, the sanctions imposed by this Order will accrue concurrently therewith.

7. Any Notice of Pendency of Action filed with any court by or on behalf of any of Messrs. Moda, Bhola or Aslan at any time since the Petition Date, or recorded by or on behalf of any of them with the LA County Recorder's Office with respect to either of the Clark Property or the Massachusetts Property since the Petition Date, has been filed and/or recorded in willful and malicious violation of the automatic stay, is invalid and without effect, and is void *ab initio*. Any act by any of Messrs. Moda, Bhola or Aslan since the Petition Date to exercise control over or transfer an interest in either of the Properties has been undertaken in willful and malicious violation of the automatic stay, is invalid and without effect, and is void *ab initio*.

8. Until this Court rules otherwise, each of the Clark Property and the Massachusetts Property remains subject to this Court's jurisdiction.

9. Each of Messrs. Moda, Bhola and Aslan, and each of their agents and representatives, are expressly prohibited from exercising control over, or causing the transfer of title, or of any other interest in, either of the Clark Property or the Massachusetts Property unless this Court issues a prior order stating otherwise.

//

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

10. The Court reserves the right to impose additional sanctions upon any of Messrs. Moda, Bhola and Aslan for their contemptuous conduct.

# # #

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Date: September 18, 2026

Barry Russell
United States Bankruptcy Judge

# EXHIBIT I

## TABLE OF CASES: APPEALS FROM BANKRUPTCY CASE DECIDED/HELD BY JUDGE HSU

**Central District of California Case Chart & Cross-Docket Relational Matrix**

| | |
|---|---|
| **CASE & COURT:** | Compiled from C.D. Cal. & 9th Cir. Dockets (In re Mazgani, No. 2:19-bk-21655-BR) |
| **RECORD CITE:** | Comprehensive Cross-Docket Litigation Map |
| **ORDER / FILING DATE:** | September 2026 Master Compilation |
| **STANDARD / NATURE:** | Master Relational Summary of 11 District Court Proceedings |
| **EXHIBIT BINDER PAGES:** | **Pages 41–43** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Complete Relational Architecture: Visual and chronological matrix mapping 11 interconnected district court proceedings arising from the bankruptcy case.
2. Transfer & Funneling: Details how 8 subsequent appeals were funneled to Judge Hsu as 'related'.
3. Attached Record: Complete 2-page Master Summary of District Court Cases and Detailed Notes.

UNITED STATES DISTRICT COURT · CENTRAL DISTRICT OF CALIFORNIA

# Master Summary of District Court Cases

Arising from *In re Mahvash Mazgani*, Bankr. No. 2:19-bk-21655-BR · As of September 23, 2026

| 11 | 9 | 2 | 3 | UPCOMING |
|---|---|---|---|---|
| Total cases | Terminated | Active / pending | On appeal, 9th Cir. | **Oct 21, 2026** — Withdrawal of Reference hearing (2:26-cv-10016-AH)<br>**Nov 17, 2026, 9:00 a.m.** — 9th Cir. argument, Pasadena |

| # | CASE NUMBER | CASE NAME / CAPTION | PRESIDING JUDGE | DATE FILED | FINAL DATE / STATUS | NATURE OF ACTION / SUBJECT MATTER |
|---|---|---|---|---|---|---|
| 1 | **2:23-cv-08894-WLH**<br>Pivot / funnel case | *In re Mahvash Mazgani (Kevin Moda v. Mahvash Mazgani)* | Hon. Wesley L. Hsu | **10/23/2023**<br>NOA: 08/28/2023 | Terminated<br>**09/04/2024**<br>R.60(b) denied 04/15/2025 | Bankruptcy Appeal from dismissal of Adv. No. 23-ap-01124-BR (§ 523(a)(3)); pivot case used to funnel subsequent appeals |
| 2 | **2:24-cv-01011-WLH** | *Kevin Moda & Vip Bhola v. Mahvash Mazgani* | Hon. Cormac J. Carney<br>Transferred to Judge Hsu 02/22/2024 | **02/06/2024** | Dismissed w/ prejudice<br>**03/27/2024** | Bankruptcy Appeal from Jan. 19, 2024 order imposing stay-violation sanctions (Bankr. Dkt. 993) |
| 3 | **2:24-cv-02529-WLH** | *Kevin Moda v. Mahvash Mazgani* | Hon. Sunshine S. Sykes / Fred W. Slaughter<br>Transferred to Judge Hsu | **03/27/2024** | Terminated<br>**09/09/2024** | Bankruptcy Appeal from March 20, 2024 contempt orders (Bankr. Dkts. 1080, 1081) |
| 4 | **2:24-cv-02762-WLH-SK**<br>9th Cir. No. 25-3841 | *Dr. Mehmet Veli Aslan, M.D. v. Nazanin Mazgani, Neyaz Mazgani, et al.* | Hon. Wesley L. Hsu<br>Mag. Judge Steve Kim | **04/04/2024** | Dismissed w/ prejudice<br>**06/10/2024**<br>R.60 denied 06/06/2025 | Original Federal Diversity Action for Quiet Title, Cancellation of Deeds, and Declaratory Relief |
| 5 | **2:24-cv-03245-WLH** | *Kevin Moda v. Mahvash Mazgani* | Hon. Cormac J. Carney<br>Transferred to Judge Hsu | **04/19/2024** | Terminated<br>**09/09/2024** | Bankruptcy Appeal from April 11, 2024 order denying Moda's motion for stay-violation sanctions (Bankr. Dkt. 1104) |
| 6 | **2:24-cv-05798-WLH** | *Kevin Moda v. Mahvash Mazgani* | Hon. Wesley L. Hsu | **07/08/2024**<br>NOA: 06/14/2024 | Terminated<br>**09/09/2024** | Bankruptcy Appeal concerning June 4, 2024 Order to Show Cause re punitive measures (Bankr. Dkt. 1124) |
| 7 | **2:25-cv-02230-WLH**<br>9th Cir. No. 25-5650 | *In re Mahvash Mazgani (Kevin Moda v. Mahvash Mazgani)* | Hon. Wesley L. Hsu | **03/13/2025** | Affirmed / Terminated<br>**08/15/2025**<br>NOA to 9th Cir. 09/04/2025 | Bankruptcy Appeal from dismissal of Adv. No. 2:20-ap-01637-BR (§§ 523(a)/727(a)) |
| 8 | **2:25-cv-06877-WLH**<br>formerly -AB<br>9th Cir. No. 26-1951 | *Vip Bhola v. Mahvash Mazgani* | Hon. André Birotte Jr.<br>Transferred to Judge Hsu 12/22/2025 | **08/08/2025** | Dismissed w/ prejudice<br>**03/04/2026**<br>On 4-day OSC | Bankruptcy Appeal from June 26, 2025 order denying conversion/dismissal (Bankr. Dkt. 1260) |
| 9 | **2:26-cv-02165-WLH**<br>formerly 2:26-mc-00021 | *In re Mahvash Mazgani (Moda / Bhola)* | Hon. Wesley L. Hsu | **02/23/2026**<br>Converted to CV 02/28/2026 | Dismissed<br>**03/05/2026** | Motion to Withdraw Bankruptcy Reference under 28 U.S.C. § 157(d) in No. 2:19-bk-21655-BR |
| 10 | **2:26-cv-07769-WLH**<br>BAP No. CC-26-1128 | *Kevin Moda, Dr. Mehmet Veli Aslan, Vip Bhola v. Mahvash Mazgani* | Hon. Sunshine S. Sykes<br>Reassigned to Judge Hsu; disqualification referred to Judge Mark C. Blumenfeld | **07/13/2026**<br>Transferred from BAP; NOA: 06/15/2026 | Active / Pending<br>Reply filed 09/21/2026; hearing vacated; under submission | Bankruptcy Appeal from Memorandum of Decision & Order of July 9, 2026 (Bankr. Dkt. 1402); 28 U.S.C. §§ 47 & 455(a) recusal/disqualification pending |
| 11 | **2:26-cv-10016-AH** | *Vip Bhola v. Mahvash Mazgani* | Hon. Anne Hwang | **09/18/2026**<br>Bankr. Dkt. 1416 | Active / Pending<br>Hearing set for October 21, 2026 | Master Motion to Withdraw the Bankruptcy Reference pursuant to 28 U.S.C. § 157(d) (527-page evidentiary motion) |

Terminated / dismissed · Active / pending · Now on appeal to the Ninth Circuit · Pivot / funnel case

DETAILED CASE NOTES

# Key Cases & Trajectory

THE PIVOT / FUNNEL APPEAL — Terminated

**2:23-cv-08894-WLH**

*In re Mahvash Mazgani (Kevin Moda v. Mahvash Mazgani)*

FILED **Oct 23, 2023** · TERMINATED **Sept 4, 2024**

Final Order on Appeal affirming bankruptcy court entered August 23, 2024; case formally closed September 4, 2024 (Dkt. 64). Rule 60(b) motion for reconsideration denied April 15, 2025. Post-judgment OSC re contempt against Bhola resolved with sanction paid March 23, 2026 (Dkt. 99).

**Significance:** Used by Debtor's counsel in subsequent notices of related cases to funnel 8 subsequent district court actions directly to Judge Hsu.

THE ORIGINAL DIVERSITY ACTION — 9th Cir. 25-3841

**2:24-cv-02762-WLH-SK**

*Dr. Mehmet Veli Aslan, M.D. v. Nazanin Mazgani; Neyaz Mazgani; Mahvash Mazgani, as Trustee of The Massachusetts Avenue Trust; et al.*

FILED **Apr 4, 2024** · TERMINATED **June 10, 2024** · RECONSID. DENIED **June 6, 2025**

Notice of Appeal filed May 30, 2025 to the Ninth Circuit (No. 25-3841).

**Oral argument:** November 17, 2026 at 9:00 a.m., Pasadena.

THE INTERMEDIATE ADVERSARY APPEAL — 9th Cir. 25-5650

**2:25-cv-02230-WLH**

*In re Mahvash Mazgani (Kevin Moda v. Mahvash Mazgani)*

FILED **Mar 13, 2025** · AFFIRMED **Aug 15, 2025**

Transferred from Judge Birotte to Judge Hsu on June 13, 2025; affirmed August 15, 2025 (Dkt. 23). Notice of Appeal filed September 4, 2025 to the Ninth Circuit (No. 25-5650).

**Oral argument:** November 17, 2026 at 9:00 a.m., Pasadena.

THE CONVERSION / DISMISSAL APPEAL — 9th Cir. 26-1951

**2:25-cv-06877-WLH**

*Vip Bhola v. Mahvash Mazgani*

FILED **Aug 8, 2025** · DISMISSED **Mar 4, 2026**

Reassigned from Judge Birotte to Judge Hsu on December 22, 2025; dismissed with prejudice on March 4, 2026 (Dkt. 55) following a 4-day OSC. Appealed March 27, 2026 to the Ninth Circuit (No. 26-1951).

**Sept 24, 2026:** Motion to Relate and Consolidate for the November 17, 2026 Pasadena argument.

THE CONTEMPT APPEAL & RECUSAL — Under submission

**2:26-cv-07769-WLH**

*Kevin Moda, Dr. Mehmet Veli Aslan, Vip Bhola v. Mahvash Mazgani*

OPENED **July 13, 2026** · BRIEFING CLOSED **Sept 21, 2026**

Transferred from BAP No. CC-26-1128. Motion for disqualification and reassignment under 28 U.S.C. §§ 47 and 455(a) referred to Hon. Mark C. Blumenfeld.

**Status:** Active — ruling pending.

THE ACTIVE WITHDRAWAL OF REFERENCE — Active

**2:26-cv-10016-AH**

*Vip Bhola v. Mahvash Mazgani*

FILED **Sept 18, 2026** · JUDGE **Hon. Anne Hwang**

Master 527-page Motion to Withdraw Reference under 28 U.S.C. § 157(d).

**Hearing:** October 21, 2026.

# EXHIBIT J

## QUITCLAIM DEEDS TENDERED FOR MR. MODA'S SIGNATURE

**Demand for Transfer "FOR NO CONSIDERATION" (Clark & Massachusetts)**

| | |
|---|---|
| **CASE & COURT:** | U.S. Bankruptcy Court, C.D. Cal. (In re Mahvash Mazgani) |
| **RECORD CITE:** | Bankr. Dkt. 1289, Exh. 1 at 49–50 (APN 4335-012-121 & 4324-029-001) |
| **ORDER / FILING DATE:** | Tendered by Debtor Mimi Mazgani |
| **STANDARD / NATURE:** | Conveyance Instruments Demanded Under Contempt Threat |
| **EXHIBIT BINDER PAGES:** | **Pages 44–46** |

**JUDICIAL HOLDING, RECORD ANALYSIS & LEGAL SIGNIFICANCE:**

1. Demand for Transfer for No Value: Quitclaim deeds demanding Kevin Moda transfer title each 'FOR NO CONSIDERATION' under threat of continued daily contempt fines.
2. Parcel 1: 141 S. Clark Dr. #320 (APN 4335-012-121) to Mazgani Family Trust.
3. Parcel 2: 10950 Massachusetts Ave. (APN 4324-029-001) to Mimi Mazgani.
4. Attached Record: Complete 2-page Tendered Quitclaim Deeds.

**RECORDING REQUESTED BY:**
Mimi Mazgani
10950 Massachusetts Avenue
Los Angeles, CA 90024-5518

**AND WHEN RECORDED MAIL TO:**

Mimi Mazgani
10950 Massachusetts Avenue
Los Angeles, CA 90024-5518

**MAIL TAX STATEMENTS TO:**
Mimi Mazgani
10950 Massachusetts Avenue
Los Angeles, CA 90024-5518

Space above line for Recorder's Use

APN: 4335-012-121 NO TAX DUE

## QUITCLAIM DEED

Documentary Transfer Tax: $0
There is no consideration for this transfer.
If exempt, enter R&T Code : 11923
Explanation : This is a bankruptcy court-ordered conveyance that is not pursuant to sale, R & T 11923. See attached recorded Document no. 20240227839 dated April 8, 2024 which is an Order from the Central District Bankruptcy Court Rescinding a Recorded Grant Deed dated February 26, 2024 (Doc. #2024-0122024 for the property located at 141 South Clark Drive, #320, Los Angeles, CA 90048. This document is being recorded to correct and/or clear the chain of title.

FOR NO CONSIDERATION, **Kevin Moda** by Order of the Central District Bankruptcy Court made in the matter of *In re: Mahvash Mazgani,* Case No. 2:19-bk-21655-BR on March 20, 2024,

hereby REMISES, RELEASES and QUITCLAIMS to Grantee

**Mahvash Mazgani, Trustee of the Mahvash Mazgani Family Trust dated April 17, 2007**

any and all of transferor's right, title and interest in the real property in the County of Los Angeles, State of California as described as follows: See attached Exhibit "A" for legal description.

Commonly known as: 141 South Clark Drive, #320, Los Angeles, CA 90048

Date:

______________________________
Kevin Moda

**EXHIBIT 1 - Page 46**

**RECORDING REQUESTED BY:**
Mimi Mazgani
10950 Massachusetts Avenue
Los Angeles, CA 90024-5518

**AND WHEN RECORDED MAIL TO:**

Mimi Mazgani
10950 Massachusetts Avenue
Los Angeles, CA 90024-5518

**MAIL TAX STATEMENTS TO:**
Mimi Mazgani
10950 Massachusetts Avenue
Los Angeles, CA 90024-5518

Space above line for Recorder's Use

APN: 4324-029-001 NO TAX DUE

**QUITCLAIM DEED**

Documentary Transfer Tax: $0
There is no consideration for this transfer.
If exempt, enter R&T Code : 11923
Explanation : This is a bankruptcy court-ordered conveyance that is not pursuant to sale, R & T 11923. See attached recorded Document no. 20240227839 dated April 8, 2024 which is an Order from the Central District Bankruptcy Court Rescinding a Recorded Grant Deed dated February 26, 2024 (Doc. #2024-0122023 for the property located at 10950 Massachusetts Avenue, Los Angeles, CA 90024. This document is being recorded to correct and/or clear the chain of title.

FOR NO CONSIDERATION, **Kevin Moda** by Order of the Central District Bankruptcy Court made in the matter of *In re: Mahvash Mazgani,* Case No. 2:19-bk-21655-BR on March 20, 2024,

hereby REMISES, RELEASES and QUITCLAIMS to Grantee

**Mimi Mazgani, a single woman**

any and all of transferor's right, title and interest in the real property in the County of Los Angeles, State of California as described as follows:

> Lot 1 in block 6 of tract no. 10021, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in book 145, Pages 1 and 2 of maps, in the office of the county recorder of said County. Commonly known as: 10950 Massachusetts Avenue, Los Angeles, CA 90024.

Date:

________________________________
Kevin Moda

**EXHIBIT 1 - Page 47**