**No. 25-5650**

**IN THE UNITED STATES COURTS OF APPEALS**

**FOR THE NINTH CIRCUIT**

KEVIN MODA,
Plaintiff-

Appellant, v.

MAHVASH MAZGANI,
Defendant-Appellee

On Appeal from the United States District
Court For the Central District of California
Case No. 2:25-cv-02230-WLH
Hon. Wesley L. Hsu, United States District Court Judge

# APPELLEE MAHVASH MAZGANI'S OPPOSITION TO APPELLANT'S MOTION FOR MISCELLANEOUS RELIEF (Dkt 74.1)

Nazanin Mazgani, Esq. (SBN 270258)
10954 Massachusetts Avenue
Los Angeles, CA 90024
Phone: (310) 892-0820
Email: mazganilaw@gmail.com

*Attorney for Appellee Mahvash Mazgani*

## INTRODUCTION

Appellant Kevin Moda's (Moda) Motion for Miscellaneous Relief (Dkt. 74.1) which is titled **APPELLANTS'MOTION UNDER FED.R. BANKR P.8014(f) TO ADVISE THE COURT OF 28 USC §47, FOR RELIEF UNDER 28 USC §158 AND TO CONSOLIDATE APPEALS NOS 25-3841,25-5650, AND 26-195**, seeks judicial disqualification under 28 U.S.C. § 47, direct review under 28 U.S.C. § 158(d)(2), and determinations concerning matters not resolved by the district court's appellate ruling. This appeal arises from the district court's August 15, 2025 order affirming the bankruptcy court's dismissal of Moda's adversary proceeding. *Moda v. Mazgani (In re Mazgani)*, C.D. Cal. Case No. 2:25-cv-02230-WLH, Dkt. 23. Moda filed a notice of appeal from that order on September 4, 2025. C.D. Cal. Dkt. 24; Ninth Cir. Dkt. 1. Appellee has already Opposed Appellant's request to consolidate these appeals (Dkt. 75).

The motion also relies on a December 2022 probate judgment and on language in Moda's stay-relief motion acknowledging that the automatic stay would remain in effect as to enforcement of any resulting judgment against the debtor or bankruptcy estate. That language does not support the broader concessions Moda attributes to it, but it does contradict any contention that the judgment could be enforced against the debtor or estate while the stay remained in effect.

The Court should deny the motion.

## ARGUMENT

### I. Section 47 Does Not Apply Because Judge Hsu Did Not Try the Case or Issue Later Reviewed on Appeal

28 U.S.C. § 47 provides:

"No judge shall hear or determine an appeal from the decision of a case or issue tried by him."

The order on appeal is Judge Hsu's August 15, 2025 appellate ruling affirming the bankruptcy court's dismissal of Moda's adversary proceeding. *Moda v. Mazgani (In re Mazgani)*, C.D. Cal. Case No. 2:25-cv-02230-WLH, Dkt. 23. The underlying dismissal was issued by the bankruptcy court—not Judge Hsu—on October 15, 2024. *In re Mazgani*, Adv. No. 2:20-ap-01637-BR, Dkt. 97. Judge Hsu did not preside over or try the adversary proceeding. His role was to review the bankruptcy court's decision on appeal, not to hear an appeal from a case or issue he had tried.

Moda cites other rulings issued by Judge Hsu, including the dismissal of *Aslan v. Mazgani*, Case No. 2:24-cv-02762-WLH, Dkt. 43, and discussions in other appeals. Those references do not establish that Judge Hsu tried the case or issue later

reviewed in this appeal, or that his appellate review involved a decision he had previously tried.

**II. Section 158(d)(2) Does Not Provide a Basis for Direct Review**

28 U.S.C. § 158(d)(2) provides for direct review of a bankruptcy court order when the statutory certification requirements are met and the court of appeals authorizes the direct appeal. A certification may be made by the bankruptcy court, the district court, or all appellants and appellees. 28 U.S.C. § 158(d)(2)(A)–(B).

Moda identifies no certification by the bankruptcy court or district court and does not assert that all parties jointly certified the matter. Appellee is not aware of any certification under § 158(d)(2)(A)(i)–(iii) or any authorization under § 158(d)(2)(B). The cited docket record therefore does not establish the statutory prerequisites for direct review, and the request must be denied.

**III. The Motion Does Not Identify a Procedural Basis for Collateral Merits Determinations**

The order on appeal concerns dismissal of Moda's adversary proceeding for failure to comply with court orders. Moda's motion seeks determinations concerning constructive-trust findings, probate rulings, contempt orders, arguments concerning termination of the automatic stay, jurisdiction over the parcels, factual narratives,

and alleged due-process violations.

The motion identifies no procedural basis for the requested collateral merits determinations. Whether any of the cited matters could bear on mootness, remedy, or another procedural issue is not presented by this motion. The Court should deny the request for those determinations.

**IV. Moda's Stay-Relief Filing Does Not Support His Broader Claims About Enforcement**

Moda relies on a December 2022 probate judgment. In his motion for relief from the automatic stay, Moda stated:

"Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate…" *Bankr. Case No. 2:19-bk-21655-BR, Dkt. 993, Ex. A.*

This language acknowledges that enforcement of any resulting judgment against the debtor or bankruptcy estate would remain subject to the automatic stay. It is inconsistent with any contention that the judgment could be enforced against the debtor or estate while the stay remained in effect.

The quoted language does not, standing alone, establish a permanent waiver of

enforcement rights, resolve whether enforcement could proceed against non-debtor parties, or determine whether the judgment bears on any issue properly presented in this appeal. The Court should consider the quoted language only for what it states.

**V. The Consolidation Request Is Not Properly Renewed Through This Motion**

Moda again seeks consolidation of appeals. Appellee has already opposed the consolidation request. Ninth Cir. Dkt. 75. This motion does not identify a basis for renewing that request or explain why it should be considered through a motion for miscellaneous relief. The Court should deny the renewed request.

**VI. Later Events Do Not Establish Error in the District Court's Ruling When Entered**

Moda cites bankruptcy-court hearings and orders from 2026, contempt sanctions, and state-court developments occurring after the district court's ruling. The record on appeal consists of the papers and exhibits filed in the district court, the transcript of proceedings, and a certified copy of the docket entries. Fed. R. App. P. 10(a).

Later events do not, by themselves, establish that the district court erred when it entered the order under review. They may bear on mootness, remedy, or another procedural issue, but that question is not presented by this motion. The cited events do not, on their own, provide a basis to revisit the merits of the order on appeal

through this motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Appellant Kevin Moda's Motion for Miscellaneous Relief (Dkt. 74.1). Section 47 does not bar Judge Hsu from hearing this appeal on the grounds asserted. The cited docket record does not establish the prerequisites for direct review under § 158(d)(2). The motion identifies no procedural basis for its requested collateral merits determinations, and the stay-relief language does not support the broader characterization Moda advances. The later events cited in the motion do not, by themselves, establish error in the district court's appellate ruling when entered.

Dated: October 8, 2026

Respectfully submitted,

/s/Nazanin Mazgani

Nazanin Mazgani

Attorney for Appellee, Mahvash Mazgani

**CERTIFICATE OF SERVICE:**

I certify that on October 8, 2026 electronically filed the foregoing

**APPELLEE MAHVASH MAZGANI'S OPPOSITION TO APPELLANT'S MOTION FOR MISCELLANEOUS RELIEF (Dkt 74.1)**
with the Clerk of the Court for the United States

Court of Appeals for the Ninth Circuit using the ACMS system, which will serve all registered parties. I further certify that I served a copy on Trustee Gregory Jones at the following address:

**Gregory Jones**

Stradling Yocca Carlson & Rauth LLP

10100 Santa Monica Blvd, Suite 1450

Los Angeles, CA 90067

**D:** 424 214 7044

**Email: GJones@stradlinglaw.com**

/s/Nazanin Mazgani

Nazanin Mazgani